UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,
*a subsidiary of BELFOR*,

        Defendant.

_____/

Case No. 4:25-cv-11833

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## OMNIBUS ORDER MEMORIALIZING THE COURT'S OCTOBER 23, 2025 MINUTE ENTRY, STRIKING PLAINTIFF'S NOTICES (ECF Nos. 24, 31), and DENYING PLAINTIFF'S TWELVE RECENTLY FILED MOTIONS (ECF Nos. 25-30, 32-37)

**A.    The operative pleading is Plaintiff's original complaint (ECF No. 1).**

Janella Smart filed this fee-paid employment lawsuit *in pro per* on June 18, 2025 against her former employer, The Professional Group (a subsidiary of Belfor), based on the alleged events of September 2024 (when she began her employment) through her January 2025 formal complaint with human resources, and thereafter.  (ECF No. 1, PageID.3-4 ¶¶ 1-12, PageID.5-12 ¶¶ 1-28.)  The pleading makes three claims for relief: (1) retaliation (Title VII and Michigan's ELCRA); (2) wrongful termination, including race discrimination (Title VII and Michigan's ELCRA); and, (3) defamation and fraudulent manipulation of employment record.  (*Id*., PageID.14-16.)

1

**B.      Defendant's pending July 16, 2025 motion (ECF No. 6) seeks partial dismissal of Plaintiff's claims.**

Judge Behm has referred this case to me for pretrial matters.  (ECF No. 9.)

Among the motions currently pending before the Court is Defendant's July 16,

2025 motion (ECF No. 6) to dismiss retaliation and hostile work environment

claims and to strike immaterial allegations.  Plaintiff filed timely responses on

August 8, 2025 (ECF Nos. 15, 16), and Defendant has filed a reply (ECF No. 20).

This motion will be addressed in due course under separate cover, with the

exception of the argument as to hostile work environment claims, which has been

deemed withdrawn based on Plaintiff's August 11, 2025 representation that she

"was not pleading a hostile work environment claim at this time."  (*See* ECF No.

18, PageID.216-217.)

**C.      With respect to the scope and timing of discovery, the Court memorializes its October 23, 2025 minute entry in this order.**

Several of Plaintiff's recent filings mention "discovery scope concerns" (*see*,

*e.g.*, ECF No. 27, PageID.265-266; ECF No. 28, PageID.277; ECF No. 29,

PageID.288), others mention private medical and financial information (*see*, *e.g.*,

ECF No. 26, PageID.253; ECF No. 27, PageID.268; ECF No. 28, PageID.278),

and others seek a stay of discovery (*see, e.g.,* ECF No. 27, PageID.267-268; ECF

No. 28, PageID.280).

To be clear, the scope of discovery is set forth in the Federal Rules of Civil Procedure.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Here, the operative pleading seeks economic and punitive damages, and, contrary to Plaintiff's recharacterization that she "is only pleading gardening [sic] variety emotional distress" damages (*see* ECF No. 28, PageID.280), she *actually* pleads damages for "[m]ental anguish, *anxiety*, and *emotional trauma* resulting from sustained workplace retaliation and discrimination[,]" as well as "[s]tress and *health deterioration* exacerbated by prescription access interference and administrative suppression of Plaintiff's discrimination claims[,]" in addition to  reputational harm.  (ECF No. 1, PageID.17-18 (emphases added).)  Thus, she alleges both a specific and diagnosable mental health condition (anxiety) and unusually severe emotional distress (trauma), if not also deterioration of prior existing mental and physical conditions.  Therefore, Plaintiff can anticipate related discovery into her both her physical and mental health.  *See Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("But when Maday put her emotional state at issue in the case, she waived any such privilege . . . .").  *See also Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at \*4-5 (E.D. Mich. Mar. 17, 2016) (Morris, M.J.) (a party alleges more than garden variety

damages when, *inter alia*, she alleges "'a specific mental or psychiatric injury or disorder'" or a "claim of unusually severe emotional distress'") (quoting *Porter v. Pinkerton Gov't Servs., Inc.*, 304 F.R.D. 24, 30–31 (D.D.C. 2014)).  Plaintiff is "the master of [her] complaint." *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).  Thus, the Court looks to the pleadings to define her claims.  Likewise, Defendant can anticipate discovery related to its answer and affirmative defenses (ECF No. 7), although Affirmative Defense No. 2 has since been withdrawn (*see* ECF No. 18).  Pursuant to this Court's August 13, 2025 order, discovery in this matter is due by March 1, 2026 and will <u>not</u> be stayed pending a decision on what is only a partial motion to dismiss.  (ECF No. 18.)

The issue of discovery was discussed during the Court's October 23, 2025 status conference with the parties.  The Court now memorializes – in this order – what it stated in its related, same-day minute entry:  "Defendant is entitled to the full scope of discovery on all claims and damages pleaded (unless Plaintiff chooses to withdraw certain claims or damages by stipulation), even while its motion for partial dismissal remains pending, although the request for medical and mental health records will be limited to 10 years back from the present."

## D.   The Americans with Disabilities Act (ADA) does not apply to federal courts.

Several of Plaintiff's recent filings mention the ADA.  (*See, e.g.*, ECF Nos. 24, 27, 29, 30.)  "While the Americans with Disabilities Act (ADA) requires state

4

courts to make disability accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) (citing 42 U.S.C. § 12131(1)(A)).  "[F]ederal courts do not fall within the definition of a covered 'public entity' under the ADA, and are exempt from its provisions." *Zang v. Zang*, No. 1:11-CV-884, 2013 WL 4777092, at *2 (S.D. Ohio Sept. 5, 2013).  *See also Bank of Am., N.A. v. Mixon*, No. 1:21-CV-430, 2022 WL 19332931, at *1 (W.D. Mich. Sept. 8, 2022) (citing *Zang* and *Roman*), *objections overruled*, No. 1:21-CV-430, 2023 WL 11892795 (W.D. Mich. Mar. 3, 2023); *Warner v. Gilbarco, Inc., et al.*, No. 2:24-CV-12333, 2025 WL 2985113, at *2 (E.D. Mich. Aug. 26, 2025) ("Title II is inapplicable to the federal government or an agency, such as the federal courts.") (referencing *Roman*).

Put another way, "[t]he ADA has 'no application in the context of excusing a *pro se* litigant from following statutory provisions, regulatory provisions, the Federal Rules of Civil Procedure and court rules, including the ... Local Rules of Court, and court orders'." *McDowell v. McDonough*, No. 21-CV-00338 (JLS) (JJM), 2024 WL 4751692, at *2 (W.D.N.Y. Oct. 8, 2024) (quoting *Hamilton v. Robb*, 2020 WL 1228077, *2 (M.D. Pa. 2020)).

## E.   Plaintiff's October 2025 notices (ECF Nos. 24, 31) are STRICKEN.

To date, Plaintiff has filed several "notices," (*see* ECF Nos. 21, 24, 31), at least two of which are improper.  Parties are not entitled to simply file items on the

docket that they perceive as being helpful to their case just to add them to the record.  The Federal Rules of Civil Procedure and this Court's Local Rules govern what may be filed with the Court and when.  Such filings consist primarily of pleadings (*see* Fed. R. Civ. P. 7) and motions, with supporting exhibits, declarations and affidavits *appended to the same*, when necessary (*see*, *e.g.*, Fed. Rules Civ. P. 5, 7; E.D. Mich. LR 5.1).  Likewise, letters to the Court are generally improper, as they are neither pleadings nor motions, and will be stricken.

Accordingly, Plaintiff's October 24, 2025 "notice regarding litigation access and request for ADA accommodation" (ECF No. 24) and October 28, 2025 "notice of intent to amend again following litigation counsel and resource access" (ECF No. 31) are **HEREBY STRICKEN**.[1]  Notices (except notices of address change, which are required under E.D. Mich. LR 11.2) are generally not to be filed on the docket.

## F.   Plaintiff's October 27, 2025 motion for reconsideration (ECF No. 27) is DENIED.

On October 27, 2025, Plaintiff filed a "motion for reconsideration of the Plaintiff's [sic] regarding ADA, privacy, and discovery scope concerns" (ECF No.

---

[1] Plaintiff's notice (ECF No. 21) of improper service of Defendant's reply (ECF No. 20), as to which Defendant has filed a response (ECF No. 22), will be addressed, if necessary, when the Court considers Defendant's dispositive motion (ECF No. 6).

27).  Upon consideration, this motion (ECF No. 27) is **DENIED**.  Preliminarily, it

is not clear of which prior ruling Plaintiff seeks reconsideration, although the

Undersigned suspects it is his October 23, 2025 12:19 p.m. minute entry, which –

as set forth above – has now been memorialized as an order.  Moreover, contrary to

what Plaintiff seems to be seeking:  (1) the Court will not bifurcate or stage

discovery between liability and damages; (2) notwithstanding the aforementioned

observations about the ADA, Plaintiff's contention that "flexibility in scheduling

and extensions" is warranted is vague, and, in any case, the Court exercises its own

discretion in managing its docket, setting deadlines and granting extensions, if it

deems them appropriate under Fed. R. Civ. P. 6(b) and 16; (3) Plaintiff's

contention that "additional amendment should be permitted following access to

counsel" (*see id*., PageID.269) is hypothetical and prospective, and nothing

prevents her from gaining "access" to counsel as a non-incarcerated civil litigant,

although the question of whether she can successfully retain counsel is between her

and any would-be attorney;[2] and, (4) Plaintiff has not met the standard for seeking

reconsideration of a non-final order, as set forth in E.D. Mich. LR 7.1(h)(2), which

---

[2] As stated in the Court's August 13, 2025 order (*see* ECF No. 18, PageID.220 ¶ VI(a)), there is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School.  To determine if Plaintiff is eligible for assistance, she may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

are "disfavored" under the language of the Rule itself.  The Court perceives no mistake in its prior directives.

**G.      Plaintiff's other motions filed on October 27, 2025 (ECF Nos. 25-26, 28-29) and her motion filed on October 28, 2025 (ECF No. 30) are DENIED.**

In six of Plaintiff's recently filed motions, she suggests that E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.") has been satisfied.  (*See* ECF No. 25, PageID.245; ECF No. 26, PageID.253; ECF No. 28, PageID.277; ECF No. 29, PageID.288; ECF No. 30, PageID.295.)  She seemingly points to the prior conferences with the Court as fulfilling her obligation to meaningfully confer. However, neither the parties' August 11, 2025 scheduling conference with the Court, which was followed by an August 13, 2025 order (*see* ECF No. 18), nor the parties' October 23, 2025 status conference with the Court, which was followed by a same-day, 12:19 p.m. minute entry on the docket, satisfies this requirement.  The same can be said about Plaintiff's October 23, 2025, 3:22 p.m. email to defense counsel, which states, in a prospective manner:  "Thank you for your message.  I will provide the proposal for your review as soon as possible.  If I do not receive any feedback within three (3) days, I will proceed to file it accordingly with the rules and consistent with the Court's direction that Plaintiff may independently narrow claims or damages."  (ECF No. 30, PageID.328.)

Moreover, E.D. Mich. LR 7.1(a) is not satisfied by Plaintiff's October 27, 2025 8:00 a.m. email to defense counsel, the substance of which reads:  "I intend to file several motions to address issues relating to my privacy concerns, discovery scope, pleadings, etc.  Motion for Protective Order, Redact, Vacate, Classification, Reconsider, etc.  Courtesy copies will be mailed."  (*See* ECF No. 25, PageID.250; ECF No. 26, PageID.261; ECF No. 28, PageID.286; ECF No. 29, PageID.293.)  Indeed, it appears defense counsel may have responded around 1:30 p.m. by email, writing:  "you are welcome to give me a call to discuss your concerns, so that we may perhaps narrow or eliminate the scope of issues that need to be addressed via motion." (ECF No. 30, PageID.329.)  And, if Plaintiff intended her October 28, 2025 8:00 a.m. email to defense counsel (*see* ECF No. 30, PageID.329) to be an effort at concurrence for her "conditional motion to amend" filed that same-day at 12:02 p.m., the Court is not convinced that a "conference," let alone a meaningful one that fully complied with the Local Rule, took place.  As Judge Lawson of this Court has explained:  "The Oxford English Dictionary defines a 'conference' as 'the action of bringing together' or 'meeting for conversation.'  The idea behind the rule requiring opposing counsel to 'meet[] for conversation,' of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention*." Bridgewater v. Michigan Gaming Control Board*, Case No. 16-10782 (E.D. Mich. July 14, 2016)

9

(ECF No. 16, PageID.122 therein) (internal citation omitted).  Plaintiff must be willing to have a reasonable discussion with opposing counsel and to consider proposals in avoidance of motion practice, or her case will have a difficult time moving forward.  In light of her large-volume proliferation of motions within a few short days, she is reminded that hers is only one of hundreds of cases pending before the assigned judicial officers.  If Plaintiff overwhelms the docket with her filings, she may be prohibited from filing additional motions without permission from the Court, as has been done in other cases.

Beyond non-compliance with E.D. Mich. 7.1(a), these five motions have various other ailments.  For example:

- Plaintiff seeks "to redact and con[c]eal personal information due to privacy concerns" (ECF No. 25), but there are rules governing required contact information (*see*, *e.g.*, E.D. Mich. LR 5.1(a)(1)(E), E.D. Mich. LR 11.2) and motions to seal must be made in accordance with E.D. Mich. LR 5.3 ("Civil Material Filed Under Seal").  My Practice Guidelines for protective orders and sealing of records make clear that the sealing of public records is not to be expected.  *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.,* No. 16-5055, 2016 WL 4410575 (6th Cir. July 27, 2016) and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).

- The same can be said of Plaintiff's "motion for preliminary protective order due to privacy concerns," (ECF No. 26); moreover, it is not the Court's responsibility, as Plaintiff requests, to "review the record for the inadvertent inclusion of personally identifiable information . . . [,]" or to provide "clarification as to whether the Court will issue redactions or if the Plaintiff is required to submit redacted versions directly," (*id*., PageID.247).

- Plaintiff's "motion to vacate oral directive & notice regarding lack of proper discovery motion to compel the Plaintiff's private information" (ECF No.

28) seeks a stay of discovery pending "a preliminary ruling on pleadings . . . [,]" and asks the Court "to preclude discovery into medical or personal records . . . [,]" (*id.*, PageID.280), but these matters were addressed by the Court on October 23, 2025 and have been memorialized above.

- Plaintiff's "motion for clarification regarding the pleadings ruling status and discovery parameters under ADA notice" (ECF No. 29) seeks at least some vague and hypothetical relief, *e.g.*, "to preserve her position[,]" (*id.*, PageID.288), or requests certain forms of clarification (*see id.*, PageID.289).

- Although Plaintiff attaches a "proposed amended complaint," (*see* ECF No. 30, PageID.301-328), her "*conditional* motion for leave to amend complaint with ACA whistleblower context and request for ADA compliance oversight" (ECF No. 30 (emphasis added)) seeks at least some hypothetical relief, *e.g.*, "conditional leave to amend the complaint . . . [,]" (*id.*, PageID.297), or "*potential* reassignment or recusal of the presiding judicial officer(s)[,]" (*id.*, PageID.298 (emphasis added)).

The Court will not comb the record for Plaintiff's personal information (and generally cannot close the barn door after the horses are out if she herself has already exposed such information to public view), does not give advice or advisory opinions, does not rule prospectively or hypothetically, will not engage in repeating its own prior directions, and will not (as explained orally) stay discovery. Although the Court endeavors to give as much explanation of its reasoning as is possible *and practicable* in its written orders, statements and explanations given from the bench or on the record in conferences with the Court may be referenced and incorporated in its written orders, and the parties are welcome to order transcripts at their own expense if they are unable to recall what was said by the Court.

Accordingly, ECF Nos. 25, 26, 28, 29 and 30 are **DENIED**.

**H.     Plaintiff's October 31, 2025 motions (ECF Nos. 32-37) are DENIED.**

On October 31, 2025, Plaintiff filed by mail what appear *by title* to be duplicates of the six motions she filed on October 27, 2025 and October 28, 2025 by "pro se upload." (*Compare* ECF Nos. 25-30; *with*, ECF Nos. 32-37.) Plaintiff's October 31, 2025 motions (ECF Nos. 32-37) are **DENIED** as duplicative and for the same reasons as those filed on October 27, 2025 and October 28, 2025 (ECF Nos. 25-30). Moreover, going forward, Plaintiff is **hereby cautioned** that she should use only <u>one method</u> (<u>either</u> *pro se* document upload <u>or</u> traditional mail) – <u>not both</u> – to submit matters for filing. Courtesy copies should be submitted in accordance with Subsection D of the Undersigned's "Motion Practice" guidelines, which are accessible on the Court's website (*see* www.mied.uscourts.gov), and these must be *identical* to what was filed on the docket.

**I.     A caution regarding the use of generative artificial intelligence (AI)**

The Court has some concern about the possible use of AI in connection with the twelve motions and two "notices" at issue in this order, particularly since the ADA notice looks strikingly familiar to ones seen in other recent cases. AI <u>cannot give legal advice</u>, and its use in research has led to glaring misstatements of law and sanctions awarded against both attorneys and *pro se* litigants. "At this point, it

12

'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)).  AI chatbots "are designed to mimic patterns of words, probabilistically.  When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id*.  Thus, the use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted.  *See Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *see also Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (awarded sanctions against *pro se* litigant for hallucinated legal citations and misstatements).  The parties are **HEREBY SO WARNED**.

13

**IT IS SO ORDERED.**[3]

Dated:  November 5, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).