UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,　　　　　　　　　　　　Case No. 25-11833

　　　　Plaintiff,　　　　　　　　　　　　　Hon. F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　United States District Judge

THE PROFESSIONAL GROUP,　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　Defendant.
_____ /

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL (ECF No. 47)</u>**

Plaintiff filed this complaint against The Professional Group (TPG) on June 18, 2025. (ECF No. 1). This matter is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. (ECF No. 9). Plaintiff filed a motion asking that both the undersigned and Judge Patti recuse from these proceedings. (ECF No. 47). The court will address the motion on behalf of the undersigned only. For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff accuses the undersigned of having failed to resolve pending objections and not exercising "meaningful oversight" of the Magistrate Judge's rulings. (ECF No. 47). Plaintiff also notes that the undersigned's location in Flint is "far away and inaccessible" for an ADA disability related

1

case. Plaintiff says that she has limited resources, and the distance materially restricts her access to in person hearings, resulting in an imbalance that contributes to the "overall appearance of discouraging the Plaintiff from litigation." (ECF No. 47).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to *sua sponte* recuse himself if the judge knows of facts that would undermine the appearance of impartiality. *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)). Additionally, 28 U.S.C. § 144 requires that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th

2

Cir. 1990). Rather than a subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotation marks omitted)).

Courts have observed that the roots of a judge's bias are not limited to a singular source. "A judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky*, 510 U.S. at 555). However, the Sixth Circuit has repeatedly held that it "will not ascribe bias to a district judge in the absence of evidence that he has abandoned his role as an impartial arbiter." *Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826, 838 (6th Cir. 2009) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 753 (6th Cir. 1992)). Moreover, "a federal judge has a duty to *sit* where *not disqualified*, which is equally as strong as the duty to *not sit* where *disqualified*." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J) (emphasis in original) (collecting cases). Further, most commonly, judicial bias must be predicated on "a personal

bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id*. As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment. *Id*.

  Though not cited by her, to the extent Plaintiff may have been seeking recusal under 28 U.S.C. § 144, she has not met the statutory requirements necessary to justify further consideration under that statute. Specifically, Plaintiff has neither submitted an affidavit in support of her motion, nor filed a certificate of good faith as required under the express language of § 144. *See United States v. Sammons*, 918 F. 2d 592 (6th Cir. 1990) (Defendant denied recusal where he never filed required affidavit alleging personal bias or prejudice); *Scott v. Metropolitan Health Corp.* 234 Fed. Appx. 341, 353 (6th Cir. 2007) ("The requirements of § 144 are strictly construed to prevent abuse because the statute is so heavily weighted in favor of recusal.") (citation

4

omitted); and *Hirschkop v. Virginia State Bar Ass'n*, 406 F.Supp.721, 724 (E.D. Va. 1975) (Indicating that a *pro se* party must still meet the certification requirement: "[t]hough plaintiff is, himself, counsel of record, nevertheless no such certification was made by plaintiff in either capacity."). Thus, Plaintiff's motion fails for these reasons alone.

More important, the substantive basis for Plaintiff's motion is without merit under either § 455 or § 144. Plaintiff's claims of bias and the basis for the motion for recusal are grounded on the fact that the undersigned has not yet ruled on her objections. Those objections were filed on November 6, 2025 (ECF No. 39), when the undersigned was handling a seven-week civil trial. Plaintiff's objections have not been pending so long as to suggest that the court has failed in its oversight obligations. Additionally, Plaintiff's allegations of inconvenience of the location of the Flint courthouse do not suggest a basis for recusal. Most importantly, Plaintiff's motion has not alleged, much less supported with sworn testimony, any claim of an extra-judicial source of personal bias on the part of the undersigned. Nor has plaintiff set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the undersigned unable to act impartially.

Plaintiff simply has not suggested facts which would lead a reasonable person with knowledge of all of the facts to question the undersigned's impartiality in this matter.  Therefore, the court concludes that Plaintiff's allegations are without merit and recusal is neither necessary nor appropriate.

For the foregoing reasons, plaintiff's motion is **DENIED** as to the undersigned.

**SO ORDERED**.

Date: January 9, 2026               <u>s/F. Kay Behm</u>
                                    F. Kay Behm
                                    United States District Judge