UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,  Case No. 25-11833

    Plaintiff,  Hon. F. Kay Behm
v.  United States District Judge

THE PROFESSIONAL GROUP,

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS (ECF No. 39)

### I. PROCEDURAL HISTORY

Plaintiff, Janelle Smart is proceeding pro se in this matter against his Defendant, The Professional Group. This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. (ECF No. 9). Judge Patti has addressed a number of pretrial matters, and Smart has lodged objections to his Order. (ECF Nos. 38, 39). For the reasons set forth below, the court **OVERRULES** those objections.

### II. STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge

1

must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III.    ANALYSIS

Judge Patti issues an Omnibus Order disposing of 12 motions filed by Plaintiff and addressing two notices she also filed.  (ECF No. 38).  Plaintiff

says that the "record does not reflect substantive review of the pending motions nor consideration of the ADA-related access concerns previously raised." (ECF No. 39).  The objection goes on to suggest that Judge Patti's Order may have been entered without full consideration of the motions and notices.  Plaintiff complains that it seems unlikely that all her motions were thoroughly reviewed within the brief time frame from their filing to Judge Patti's disposition.  Essentially, Plaintiff generally objects that her motions and notices were not given sufficient consideration and are further evidence of "bias and misconduct."  She seeks to have the court reevaluate all the motions and notices filed.

    Plaintiff's objections are too general and vague to be considered proper objections.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the order are improper.  *See e.g., Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an

3

objection be filed.") (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).  Here, Plaintiff has failed to identify any particular aspect of Judge Patti's Order to which she objects.  Instead, she makes only vague and general objections.  Further, she fails to identify in his Order any clearly erroneous factual finding or legal conclusion that is contrary to law.  In short, she simply fails to make a proper objection to Judge Patti's Order.  Accordingly, Plaintiff's objections must be overruled.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's objections to Magistrate Judge Patti's Omnibus Order are **OVERRULED**.

**SO ORDERED**.

Date: January 9, 2026                                s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge

4