UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,
*a subsidiary of BELFOR*,

        Defendant.
_____/

Case No. 4:25-cv-11833

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## MEMORANDUM ORDER DENYING PLAINTIFF'S MOTIONS FOR RECUSAL (ECF No. 47) AND TO DISQUALIFY (ECF No. 64) THE MAGISTRATE JUDGE

Plaintiff has filed three motions aimed at removing the Undersigned Magistrate Judge from this case. One motion asked the assigned District Judge to vacate her full pretrial order of reference (ECF Nos. 9, 45), but that motion has recently been denied by Judge Behm. (ECF No. 58.) Plaintiff has two other pending motions seeking to have the Undersigned removed from this case, namely, a motion for recusal of both the District Judge and the Magistrate Judge (ECF No. 47)[1] and a more recently filed Motion to Disqualify Magistrate Judge, with an attached, verified declaration. (ECF No.

---

[1] This motion has been decided in part by Judge Behm, but only with respect to the request to remove her. (ECF No. 57.)

64.) Plaintiff has also filed a judicial complaint with the Court of Appeals for the Sixth Circuit under 28 U.S.C. § 351, as pointed out in both of her instant motions; however, automatic recusal is not required simply because a 28 U.S.C. § 351 complaint has been filed. Nor does the Court need to pause proceedings pending the outcome of Plaintiff's complaints to the Sixth Circuit, particularly given the backlog of pending motions, the apparent cessation of discovery (*see* ECF Nos. 52, 53 & 54) and Plaintiff's own complaints that motions have not been handled expeditiously enough (*see* ECF No 47, PageID.506, ¶ 2; ECF No. 55). Under such circumstances, the judicial officer may proceed, and recusal is not necessary. *See In re Kozich*, 534 B.R. 427, 429 (S.D. Flor. Bank.) ("Mr. Kozich cites to no case or other authority for the proposition that the filing of a complaint for judicial misconduct with the Court of Appeals entitles a complainant to a stay of further proceedings before the judge whose conduct is the subject of the complaint, and this Court has been unable to find any such authority.") Moreover, if and to the extent such a claim is made here, "a party cannot force disqualification by attacking a judge and then claiming that the attacks must have caused the judge to become biased[.]" *Id.*; *see also FDIC v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998) ("[a] party cannot force disqualification by

attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her].") (internal citations omitted).

I. **Motion for Recusal (ECF No. 47)**

Plaintiff argues that the assigned judges should recuse themselves for a variety of reasons. I will only address those arguments that could arguably be aimed at the Undersigned. First, Plaintiff takes issue with a 14-page omnibus order that memorialized a prior minute entry, struck two non-motion "notices," and denied a dozen motions that appeared on the docket from Plaintiff within the span of four days. (ECF No. 47, PageID.506, ¶ 1.)[2] The omnibus order (ECF No. 38) was the subject of formal objections by Plaintiff

---

[2] In her reply brief, Plaintiff points out that the Court "miscounted filings, treating courtesy copies as new motions after chambers was notified on 11/3, creating a false factual basis for restrictions and sanctions, violating FRCP 5, 52(a)(6), FRAP 10(a), and due process principles." (ECF No. 75, PageID.733, ¶ 12.) While the Court does not recall being so informed, it does now appear, in light of the clarification made in the reply brief, that rather than filing twelve motions within the span of four days, Plaintiff only intended to file six, which were, in fact, docketed as twelve motions and would have appeared as such to the Undersigned. This is because Plaintiff apparently sent the judge's courtesy copies in separate envelops, so the Clerk's Office treated them as *new filings*, whereas Local Rule 5.1(b)(2) requires that, "[a]ll papers not filed electronically with the clerk must include an original and one copy." Had they been sent in the same envelop, it would have been clear and the copies would presumably have been compared before any duplicative docketing occurred. In any case, six motions in four days is still excessive. To avoid any miscounting or duplicative filings in the future, <u>Plaintiff is hereby excused from presenting judge's copies</u>.

(ECF No. 39), all of which have been overruled (ECF No. 59). In overruling these objections, the Court observed that "Plaintiff complains that it seems unlikely that all her motions were thoroughly reviewed within the brief time frame from their filing to Judge Patti's disposition." (*Id*., PageID.658.) This complaint of judicial action in too brief a time-frame is in contrast to Plaintiff's complaints elsewhere that the Court is taking too long (*see* ECF No 47, PageID.506, ¶ 2; ECF No. 55), while simultaneously arguing that the Court's hands are tied from making any further rulings because of Plaintiff's efforts to both remove, grieve, and obtain mandamus oversight of the assigned judicial officers (*see* ECF No. 54, PageID.612; ECF No. 52, PageID.547).

Second, Plaintiff complains that the Undersigned denied her "routine and basic privacy protections, including requests related to redaction and limitation of medical disclosures," thus "creating an appearance of disregard for Plaintiff's privacy interests." (ECF No. 47, PageID.507, ¶ 3.) These concerns were addressed in the omnibus order (ECF No. 38, PageID.435-436) and were upheld in the Court's order overruling Plaintiff's objections, which the Court found to be "too general and vague to be considered proper objections." (ECF No. 59, PageID.658.)

Third, Plaintiff claims that the Court "employed language that reasonably appears to discourage Plaintiff from filing additional motions,

4

asserting statutory and privacy rights, or pursuing available procedural remedies, which creates an objective appearance of coercion and chilling of protected litigation activity." (ECF No. 47, PageID.508, ¶ 6.) While it would not be unreasonable to discourage a litigant from filing a half dozen motions in the space of four days, or from continuously burdening the Court's docket with both motions and non-motion "notices," Plaintiff's accusation and allegation about discouragement as specifically applied here is too vague to contextualize or analyze. In any case, the Court is the ultimate gate-keeper as to what will or will not be permitted in terms of filings, and Plaintiff points to nothing specific in seeking recusal, let alone specific evidence of bias.

While Plaintiff characterizes the Court's rulings on the scope of discovery as "intrusive," "grossly disproportionate," and "a judicially mandated search and seizure" (ECF Nos. 57, PageID.507, ¶ 3 & 64, PageID.675, ¶ 12), the Court's reasons for authorized discovery are explained within its rulings and are linked to the damages pleaded by Plaintiff. (ECF No. 38, PageID.428-429.)[3] The Federal Rules of Civil Procedure afford

---

[3] Plaintiff has taken issue in several places with the Court permitting discovery of medical and mental health records "*limited* to 10 years back from the present." (*See* Oct. 23, 2025 Minute Entry; ECF No. 38, PageID.429 (emphasis added).) As discussed at the October 23, 2025 status conference, this temporal limitation was *narrower* than requested by defense counsel (*i.e.*, "*all* medical and mental health records" without temporal limitation), and thus

5

district courts broad discretion to manage the discovery process in cases and control their dockets. *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Moreover – and contrary to Plaintiff's repeated complaint that the Court set the scope of discovery into her damages without having a motion to compel or for protection before it (*see, e.g.*, ECF No. 64, PageID.674) – Rule 16 gives the Court authority to hold pretrial conferences (as it did here) for "establishing early and continuing control" and to issue orders which "modify the extent of discovery" and "reciting the actions taken" so as to "control[] the course of the action …." Fed. R. Civ. P. 16(a)(2), (b)(3)(B)(ii) & (d). "The scope of allowable discovery is determined by the claims (and defenses) raised in the case." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997). As the Court explained and reiterates, "Plaintiff is 'the master of [her] complaint.' *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005)." (*See* ECF No. 38, PageID.429.)[4]

---

afforded a level of protection to Plaintiff against discovery going back to the beginning of her life. The Court also made clear at both pretrial conferences that discovery would not be stayed during the pendency of Defendant's motion for partial dismissal (ECF No. 6), because it would not end the case if granted and since Defendant withdrew part of its motion (*see* ECF No. 18). Thus, only a limited portion of Plaintiff's claims are at issue therein.

[4] Plaintiff argues that there is evidence of bias against her based on the Court's "refusing to allow for amendments to reduce damages and narrow medical scope" (ECF No. 64, PageID.675, ¶ 12), since she believes her physical and

Plaintiff brings her motion for recusal under 28 U.S.C. § 455(a). (ECF No. 47, PageID.509.) As Judge Behm has already explained:

> Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to sua sponte recuse himself if the judge knows of facts that would undermine the appearance of impartiality. *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)). Additionally, 28 U.S.C. § 144 requires that
>
>> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). Rather than a subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606,

---

mental health should not be discoverable; yet, notwithstanding her attempt to label them conclusively as "garden variety," even her most recent motion for leave to amend the complaint proposes damages which include emotional distress, anxiety, and, apparently, exacerbation of these damages "by prescription access interference[.]" (ECF No. 41, PageID.474.) *See Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("But when Maday put her emotional state at issue in the case, she waived any such privilege . . . .").

> 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotation marks omitted)).
>
> Courts have observed that the roots of a judge's bias are not limited to a singular source. "A judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky*, 510 U.S. at 555). However, the Sixth Circuit has repeatedly held that it "will not ascribe bias to a […] judge in the absence of evidence that he has abandoned his role as an impartial arbiter." *Taylor Acquisitions, LLC v. City of Taylor*, 313 Fed. Appx. 826, 838 (6th Cir. 2009) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 753 (6th Cir. 1992)). Moreover, "a federal judge has a duty to sit where not disqualified, which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J) (emphasis in original) (collecting cases). Further, most commonly, judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id*. As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment. *Id*.

(ECF No. 57, PageID.648-650.)  In the instant matter, the Undersigned is not aware of any acts that would undermine his appearance of impartiality, nor has Plaintiff shown any.  The Undersigned has no prejudice against Plaintiff from either personal or extrajudicial sources or arising during the course of current or prior proceedings, nor has Plaintiff shown any.  Nor has Plaintiff shown a bias predicated on a personal bias, as distinguished from a judicial

8

one, arising out of the judge's background and association and not from the judge's view of the law.  To the contrary, Plaintiff takes issue with the speed of rulings, the magistrate judge's view as to how broad discovery should be and what should be subject to discovery in this case, and his rulings on such things as whether "notices" should be permitted on the docket, as well as various other legal rulings with which she disagrees.  But these are not evidence of bias, and her objections to these rulings have not been successful.  No valid basis for recusal has been shown, and rulings alone will not suffice.

## II.     Motion to Disqualify Magistrate Judge (ECF No. 64)

On Friday, January 9, 2026, Judge Behm denied Plaintiff's motion for recusal (as to herself), denied Plaintiff's motion to vacate the order of reference, and overruled Plaintiff's objections to the omnibus order and related orders.  (ECF Nos. 57-59.)  One business day later, on Monday, January 12, 2026, Plaintiff separately filed motions and declarations[5] to disqualify both judges under 28 U.S.C. § 144.  (ECF Nos. 63 & 64.)  The motion as to the Undersigned states that Plaintiff had not yet "received" the

---

[5] Plaintiff styled these as "affidavits," but since they are not sworn before a notary, but do make declarations under penalty of perjury, they are more accurately described as declarations under 28 U.S.C. § 1746, which suffice where an oath or affidavit is required.

9

three orders issued on January 9th, but Plaintiff cites them with docket numbers, which indicates that she had already either read or been made aware of them on-line or by visiting the Clerk's Office. (ECF No. 64, PageID.671.)

### A.   Timing

To proceed with a motion under 28 U.S.C. § 144, a party must file a "timely" affidavit, which "shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Further, "[a] party may file only one such affidavit in any case." *Id*. The timeliness requirement is a procedural safeguard against use of the statute as a delaying tactic. *Bradley v. School Board of Richmond*, 324 F. Supp. 439, 443 (E.D. Va. 1971). Since formal terms of court at the trial court level have been abolished, the literal 10-day requirement of 28 U.S.C. § 144 no longer applies; instead, courts now require the movant to exercise reasonable diligence in filing the affidavit after discovering facts that show bias. *Pomeroy v. Merritt Plaza Nursing Home, Inc*., 760 F.2d 654, 658 (5th Cir. 1985). However*,* the affidavit must be filed before the litigant participates in proceedings *or invokes affirmative action of the court*. *Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc. v. General Ins. Co*., 418 F. Supp. 304, 307 (W.D. Okla. 1976). Here, Plaintiff has argued that statements allegedly made to her at the

August 11, 2025 scheduling conference and/or the October 23, 2025 status conference demonstrate bias against her.  (ECF No. 47, PageID.508, ¶ 6; ECF No. 64, PageID.672-675, ¶¶ 6-7, 12.)[6]  Yet, she waited until December 8, 2025 to first request recusal and until January 12, 2026 to seek disqualification.  These requests were not made with reasonable diligence.

Additionally, between the time of the events she points to as evidence of bias and the filing of her recusal motion, she invoked affirmative action from the Court, filing a motion to add a defendant.  (ECF No. 41.)  And between her motion to recuse and her motion to disqualify, she again sought affirmative relief from the Court by filing a motion (and then another unauthorized "notice") seeking to file a late jury demand.  (ECF Nos. 48 & 49.)[7]  Plaintiff cannot realistically demand the judge's immediate attention to recusal and disqualification motions alleging that he must refrain from

---

[6] She attributes quotes to the Court without having obtained a transcript.  (*See, e.g.*, ECF No. 64, PageID.672, ¶ 7, PageID.674, ¶ 12.)  It is unclear what her source is, but the Court record is only authenticated through a formal transcript prepared and filed by one of the Court's official shorthand stenographers.  As such, Plaintiff is cautioned against making her own audio or video recordings of court proceedings, which is strictly prohibited under E.D. LR 83.32(e)(2).

[7] She also filed motions for a protective order (ECF No. 52) and for an emergency stay (ECF No. 54), but these seem to be related to her motions for recusal and disqualification.

presiding over her case, and, at the same time, expect to receive prompt action on other pending motions from the same judge. Indeed, even as late as January 5, 2026, she filed an unauthorized "Notice of Pending Rulings" (ECF No. 55), noting that she is "still awaiting a ruling" on various "pleadings, amendments, objections, and/or motions in this matter[.]" (*Id.*, PageID.616.)

    While promptness in asserting disqualification is required, an untimely affidavit and motion may be successful if good cause is shown for the delay. *Duplan Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 509-10 n.52 (D.S.C. 1975). An untimely affidavit must not be brought for purposes of delay. *In re Searches Conducted on March 5, 1980*, 497 F. Supp. 1283, 1288 (E.D. Wis. 1980). Plaintiff tries to assure the Court that her affidavit and motion are brought in good faith and not for the purpose of delaying the case and suggests that that any delay in filing the motion should be excused because, "[i]t was only after my circuit petition did I have a concrete pattern demonstrating bias." (ECF No. 64, PageID.675, ¶ 13) It is not entirely clear exactly what she means by this, but she hinges her alleged evidence of bias on the "rapid timing" of the omnibus order after she filed a judicial complaint with the Circuit Court "contrasted with previous prolonged inaction," insinuating that the Court was "reactive or punitive" after she filed it. (*Id.*, PageID.673, ¶ 8.) But the premise that her grievance led to a "reactive or

punitive" order fails. The omnibus order was filed on November 5, 2025. (ECF No. 38.) That is the same day that Plaintiff filed her judicial complaint with the Sixth Circuit (*see* ECF No. 44, PageID.492) and one week *before* either judge assigned to this case had any notice of the same. If her reference to a "circuit petition" refers to her December 8, 2025 "notice of pending petition for [a] writ of mandamus" (ECF No. 44), all the Undersigned has done since then is excuse her from a status conference, as she requested (ECF No. 46; Dec. 24, 2025 Text-Only Notice; Dec. 24, 2025 Text-Only Order). Accordingly, Plaintiff's motion and affidavit are not timely under the circumstances, and the motion is denied on that basis.[8] However, there are other reasons for denying this motion, which the Court will briefly address.

---

[8] Timing aside, the Court also has serious doubts about Plaintiff's assertion that this motion was not brought for purposes of delay, in light of Plaintiff's repeated motions and actions aimed at bringing discovery to a complete halt. (*See* ECF Nos. 52, 53 & 54.) Notably, the timeliness requirement for a § 144 affidavit is to prevent the statute from being invoked as a delay tactic. *Bradley*, 324 F. Supp. at 443. *See also Twist v. United States DOJ*, 344 F. Supp. 2d 137, 142 (D.D.C. 2004), *aff'd*, 171 Fed. App'x 855 (D.C. Cir. 2005) (there was simply no reason to excuse delay; purpose of recusal statute was not to enable unhappy litigant to judge-shop until he found judge that ruled in his favor).

## B. Lack of merit

As Defendant points out in its response, Plaintiff's current set of disqualification motions "is an attempt to 'fix' her prior request for recusal …." (ECF No. 72, PageID.701.)  Preliminarily, her affidavit, even if it were construed as timely for the sake of argument, is, on its face, directed solely at the "Presiding District Judge."  (ECF No. 64, PageID.671.)  Thus, her motion to disqualify the Undersigned does not comply with 28 U.S.C. § 144 and is also denied on that basis.

Even looking beyond the lack of timeliness and the fact that the affidavit is directed toward the District Judge, the motion still fails on the merits.  Contrary to Plaintiff's assumption:  "[J]udges need not automatically recuse whenever a party files a timely affidavit.  Rather, a judge has a '*strong duty to sit*' if the facts alleged do not show the required bias." *In re Wyman*, Case No. 24-1945, 2025 WL 3094139, at *9 (6th Cir. 2025) (quoting *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007)) (emphasis added).  Indeed, while it is judge's duty under 28 U.S.C. § 144 to refuse to sit when he is disqualified, it is equally his duty to sit when there is no valid reason for recusation.  *Hall v. Burkett*, 391 F. Supp. 237, 240 (W.D. Okla. 1975).  The "duty-to-sit" obligation is particularly strong where, as here, a request for disqualification is not made at the threshold of litigation and the judge has

acquired valuable background through experience. *Duplan Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 527 (D.S.C. 1975). A judge is not supposed to disqualify himself unnecessarily, even in the face of an affidavit having been filed. *In re Demjanjuk*, 584 F. Supp. 1321, 1325 (N.D. Ohio 1984). The alleged facts in the affidavit filed under § 144, when taken as true, "must rise to a level that would lead 'a reasonable, objective person' to 'question[ ] the judge's impartiality.'" *Wyman*, 2025 WL 3094139, at *8 (but quoting *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (in turn quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). That is, "the judge must have a 'disposition' toward a party that one could describe as 'wrongful or inappropriate' in some way." *Id*. (quoting *Liteky*, 510 U.S. at 550–51). Such an "inappropriate disposition might arise, for example, if it 'rests upon knowledge that the [judge] ought not to possess' or if 'it is excessive in degree.'" *Id*. (quoting *Liteky*, 510 U.S. at 550). Here, the affidavit shows "nothing of the kind." *Id*.

In several key respects, the motion for disqualification recycles arguments made in Plaintiff's recusal motion, which have already been rejected by Judge Behm. For example, she bases her motion on the Court's refusal to redact the record and satisfy her privacy concerns. (*Compare* ECF No. 47, PageID.507, ¶ 3; *with*, ECF No. 64, PageID.672-674, ¶¶ 6,12.) She

15

also takes issue with the Court's discretionary choices regarding the scope of discovery, as discussed *supra*. Beyond that, she lodges vague complaints that she is being held to technical compliance but feels that the defense is not, notwithstanding the sizable numbers of motions and unauthorized "notices" which she has proliferated on the docket, in comparison to relatively very few filings by the defense. (ECF No. 64, PageID.673-674, ¶ 10.) She alleges as her eighth and final "fact" a conclusory and generalized assertion of "personal bias against me …." (*Id.*, PageID675, ¶ 13.) She has failed to show any, and none exist.[9] As Judge Behm previously noted, "the substantive basis for

---

[9] In her reply brief (ECF No. 75), Plaintiff relies on several cases which have nothing to do with the issues in the instant motion, leading the Court to believe that she has not heeded its warning about the use of generative artificial intelligence. (*See* ECF No. 38, PageID.437-438.) *Mathews v. Eldridge*, 424 U.S. 319 (1976) is about "whether the Due Process Clause of the Fifth Amendment requires that prior to the termination of Social Security disability benefit payments the recipient be afforded an opportunity for an evidentiary hearing." *Id.* at 323. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) is about "the constitutional sufficiency of notice to beneficiaries on judicial settlement of accounts by the trustee of a common trust fund established under the New York Banking Law[.]" *Id.* at 307. *Koon v. United States*, 518 U.S. 81 (1996) is about whether a "district court must impose a sentence within the applicable Guideline range, if it finds the case to be a typical one." *Id.* at 85. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17 (2017) "presents a question of time, specifically, time to file a notice of appeal from a district court's judgment." *Id.* at 18. None of these have anything to do with recusal, disqualification or judicial bias, even if they may discuss due process in very different contexts.

Plaintiff's motion is without merit under either § 455 or § 144." (ECF No. 57, PageID.651.)  As explained then and now again:

> Plaintiff's motion has not alleged, much less supported with sworn testimony, any claim of an extra-judicial source of personal bias on the part of the undersigned. Nor has plaintiff set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the undersigned unable to act impartially. Plaintiff simply has not suggested facts which would lead a reasonable person with knowledge of all of the facts to question the undersigned's impartiality in this matter. Therefore, the court concludes that Plaintiff's allegations are without merit and recusal is neither necessary nor appropriate.

(*Id.*, PageID.651-652.)  For all of these reasons, the motion to disqualify is also denied on the merits.

### III.   Conclusion

All of Plaintiff's arguments for recusal and disqualification relate to rulings this Court has made.  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (1994).  An objective standard governs whether a judge must disqualify.  *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), *cert. denied*, 498 U.S. 980 (1990)).  A judge must disqualify when an objective, reasonable person who "knowing all of the circumstances, would have questioned the judge's impartiality" but a judge need not disqualify, "based on the 'subjective view

17

of a party' no matter how strongly that view is held." *Sammons,* 918 F.2d at 599 (*quoting Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)).  Plaintiff fails to articulate any extra-judicial source from which this Court's alleged bias emanates.  She simply does not approve of her motions being judged unsuccessful and her unauthorized "notices" being stricken.  She also does not like the explanations the Court has given, both from the bench and in writing.  Having an unsustainable or nonmeritorious position will result in denial of a motion.  Conjecturing, as she seems to have done here, will also result in a denial.  Plaintiff cannot force her case onto another judge solely because she is unhappy with her results or the scope of discovery.  Here, there are no grounds for disqualification or recusal.

**IT IS SO ORDERED.**[10]

Dated:  January 30, 2025

                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

---

[10] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).