UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JANELLA SMART,

            Plaintiff,                       Case No. 4:25-cv-11833

                                            District Judge F. Kay Behm

v.                                          Magistrate Judge Anthony P. Patti

THE PROFESSIONAL GROUP,

*a subsidiary of BELFOR*,

            Defendant.

_____/

**<u>ORDER IMPOSING A PRE-MOTION REQUIREMENT, STRIKING CERTAIN FILINGS (ECF Nos. 49, 78), and  REGARDING MULTIPLE FILINGS AND MOTIONS (ECF Nos. 53, 79, 54, 52, 67, 73, 74)</u>**

## I.    Leave Requirement for Future Filings

This civil rights employment case was filed eight months ago.  Since then, the docket has been flooded with motions and "notices," almost entirely by Plaintiff.  While it is possible that the Court's count is off by one or two motions, it

1

appears that Defendant filed its first of three motions on July 16, 2025, its second on December 31, 2025, and its last motion on February 10, 2026 (essentially repeating its request to compel discovery from its most recent motion, as addressed herein), while Plaintiff refrained from filing any motions until October 27, 2025, although she had filed various "notices." (*See* ECF Nos. 21 & 24.)  In the three-a-half-month period since she first filed a motion, Plaintiff has filed approximately twenty motions (not counting duplicate versions of judges' copies scanned in by the Clerk's Office), ten of which remain pending.  She is thus averaging over five motions per month and has perpetuated a motion ratio of approximately 20:3/10:1.5.  Additionally, and not counting notices of appeal, mandamus, and improper service, Plaintiff has filed a half dozen improper "notices" in the record, several of which were dealt with by the Court's prior Omnibus Order and some of which were filed even after being warned not to do so. (*See* ECF No. 38, PageID.431.)   All of this has had the effect of clogging up the docket, distracting the Court from the merits of this case and many other cases for which it has responsibility, and grinding the instant matter to a halt.  As it has in other cases involving excessive filings, and in the interest of efficiency, the Court will impose a pre-filing leave requirement on Plaintiff going forward.  *See, e.g., Gaddis v. City of Detroit*, Case No. 18-13763, 2020 U.S. Dist. Lexis 156241, at *2 (E.D. Mich. Aug. 28, 2020); *State Farm Mutual Ins. Co. v. Elite Health Centers*, Case No. 16-

2

13040 (E.D. Mich.) (ECF No. 202 therein).  Starting now, <u>Plaintiff is prohibited from filing anything further in this matter without prior leave from the Court</u>, which shall be sought by a one-page letter (to which a one-page response may be filed within two days), after which the Court will determine whether the motion shall be permitted and, if permitted, provide briefing parameters and page limitations.  After reviewing the letters, the Court may also choose to issue a ruling on the matter summarily, if it believes that no briefing will be necessary.  Any motion or notice filed by Plaintiff in violation of this requirement (excepting objections under Fed. R. Civ. P. 72 or notices of appeal) **shall be stricken**.

## II.    Non-Motion Filings

Certain filings are neither motions nor pleadings and/or violate the Court's prior prohibition and warning against filing "notices" on this docket.  (*See* ECF No. 38, PageID.431.)  One example of this is Plaintiff's December 11, 2025 "Notice Regarding Demand for Trial" (ECF No. 49), which was filed the same day as her "Motion for Jury Trial" (ECF No. 48).  As the notice is prohibited and also seemingly redundant because of her properly filed motion on the same subject, ECF No. 49 is **HEREBY STRICKEN**.  Likewise, Plaintiff's "Notice of Defendant's Non-Compliance with ED MichLR 7.1(a) and 37.1" (ECF No. 78) is **HEREBY STRICKEN** as both another unauthorized "notice" and an

unauthorized sur-reply[1], and because it raises issues that should have been covered in her response to Defendant's motion to compel discovery (ECF No. 69).  "It is well-settled that issues raised for the first time in a reply brief are deemed forfeited."  *United States v. Miller*, Case No. 13-20928, 2014 U.S. Dist. LEXIS 138016, *6 (E.D. Mich. Sept. 30, 2014) (citing *United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004)).  This is doubly-so for a sur-reply, because when issues are raised for the first time in a reply (or sur-reply), it "deprives [the other party] of its opportunity to address the new arguments."  *Hickman v. Sloan Fluid Accessories, Inc.*, 833 F. Supp.2d 822, 828 (E.D. Tenn. 2011) (internal citations omitted).  However, Plaintiff's "Notice of Supplemental Authority" (ECF No. 77), while not actually presenting any "supplemental" authority as that moniker is generally used, is acceptable, because it clarifies the court rule being relied on in Plaintiff's motion for a protective order.  Plaintiff's "Notice of Pending Rulings" (ECF No. 55), while improper, will not be stricken, as it was specifically referred to in a subsequent court order (ECF No. 76, PageID.753) and will, thus, remain on the docket for completeness of the record.

---

[1] *See* E.D. Mich. LR 7.1(d)(1) (allowing only motions, responses, and replies). The Court does not freely permit sur-replies, as explained in my Practice Guidelines, which state that "[t]he Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules."  *See* http://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

## III.   Rulings on Several Motions

### A.   Plaintiff's emergency motion to stay (ECF No. 54)

Plaintiff filed an emergency motion for a stay of discovery proceedings pending a decision on her petition for a writ of mandamus review of this Court's November 5, 2025 omnibus order.[2]  Part of the basis for her request is that she had objections pending before the District Judge at the time her motion was filed. Those objections have now been overruled.  (ECF No. 59.)  To the extent she bases her request for a stay on the pendency of her objections, it (ECF No. 54) is **DENIED AS MOOT**.

She also bases her request on the pendency of her petition for a writ of mandamus.  To the extent she seeks review of this Court's discovery orders in her Sixth Circuit petition, this Court notes that mandamus relief "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).  The factors to be considered by the Court in determining whether a stay should be granted while a mandamus petition is pending include: (1) the likelihood that the moving party will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay;

---

[2] Apparently, this is one of two appellate matters she now has pending before the Sixth Circuit in connection with this case.

(3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay. *Citizens for Responsibility & Ethics v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008) (internal citations omitted); *cf. Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (listing the nearly identical four factors governing a stay pending appeal).  A challenge to this Court's discovery orders in the Court of Appeals at this stage, in light of the "broad discretion" vested in District Courts to control the scope and management of discovery, *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992),  is likely to be viewed as an interlocutory appeal, which is disfavored.  *Littlejohn v. Myers*, 684 Fed. Appx. 563, 570 (6th Cir. 2017) ("Interlocutory appeals are usually discouraged, and therefore the issues that may be reviewed are to be 'narrow and selective.'") (citing *Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 949 (6th Cir. 2006) (internal citations omitted) and *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997) ("Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed.")).  Thus, the likelihood of success on the merits of the petition is low.  Additionally, while Plaintiff argues that she will suffer "irreparable harm" by having to subject herself to the scope of discovery this Court determined to be appropriate based on the pleadings, Defendant is being prejudiced by the ongoing inability to obtain *any* discovery, as exemplified by its two pending motions to compel and/or for case ending sanctions.  (ECF Nos. 53, 82.)  And the

6

public interest favors having this case move on to the merits or obtain resolution. Accordingly, to the extent the motion relies on the pendency of a petition of a writ of mandamus, the motion (ECF No. 54) is **DENIED ON THE MERITS**.

    **B.**    **Plaintiff's "supplementary motion" for a protective order (ECF No. 52) and Defendant's motion to compel (ECF No. 53)**

    **1.**    **Plaintiff's motion for a protective order (ECF No. 52)**

Plaintiff also filed a motion for a protective order (MPO) (ECF No. 52), and later clarified in a notice of supplemental authority (ECF No. 77) that her MPO is based on Fed. R. Civ. P. 26(c).  In her motion, Plaintiff argues that having to sit for a deposition would be "premature" because she has filed a petition for a writ of mandamus in the Sixth Circuit and a judicial complaint against both judges assigned to this case.  (*Id.*, PageID.546.)  For the same reasons that her above described motion for a stay was denied, this motion (ECF No. 52) is likewise **DENIED**.  And, as this Court previously explained, the Court does not "need to pause proceedings pending the outcome of Plaintiff's complaints to the Sixth Circuit …."  (ECF No. 76, PageID.743.)

    **2.**    **Defendant's motion to compel (ECF No. 53)**

This Court has not stayed discovery, and Plaintiff had no right to unilaterally do so.  Participation in discovery is required of all litigants, and, having filed this

lawsuit, Plaintiff could not have expected otherwise.  The discovery period in this case is set to expire on March 1, 2026.  Since at least December, Defendant has repeatedly asked Plaintiff to sit for her deposition, served notices of the same, and sought to confirm that she would be attending.  (*See, e.g.*, ECF Nos. 53-4, 82-2, 82-3.)  Plaintiff has moved to prevent the originally requested deposition (ECF No. 52), made clear that she would not attend the deposition noticed for February 5, 2026, and has self-determined that her non-appearance is "substantially justified" under Fed. R. Civ. P. 37(d)(3) "to protect the integrity of the appellate process and prevent the loss/waiver of rights that cannot be restored once the testimony is given."  (ECF No. 82-4.)   Defendant moved to compel her deposition at the end of last year, also noting that Plaintiff refuses to answer its first interrogatories and its first set of requests to produce.  (ECF No. 52.)

Plaintiff has filed a response and (with the Court's permission) a supplemental response.  (ECF Nos. 69 & 81.)  The response again points to the mandamus petition as the basis for why she should not have to comply with discovery requests and also argues, in conclusory fashion, that "the defense has not substantiated any justification for the scope or nature of these requests[,]" accusing Defendant of "litigation harassment" by dint of its attempts to obtain discovery from her.  The Court is not persuaded by either argument.  Defendant is merely trying to defend itself from allegations made against it by Plaintiff in this lawsuit,

based on the parameters already established by the Court.  Plaintiff's vague reference to "harassment" does not specify how Defendant's discovery requests have gone awry, exceeded the scope of discovery, or are otherwise unreasonable.

In her supplemental response, Plaintiff argues that the motion to compel should be denied on the basis of the pre-motion meet and confer requirements not being fully met (*see* ECF No. 81, PageID.785); however, the Court will not elevate form over substance in this matter, where it is clear from Plaintiff's MPO (ECF No. 52), which was filed *the day before* Defendant's motion to compel, her response and supplemental response to Defendant's motion to compel (ECF Nos. 69, 81), and other evidence in this record, that Plaintiff has absolutely no intention of complying with Defendant's requests for written or testimonial discovery until *she believes* the posture of the litigation requires it.  Defendant's motion to compel was filed only after Plaintiff made clear in her own MPO that she was resisting all discovery.  The other points made in Plaintiff's supplemental response, *i.e.*, that Defendant failed to arrange a conference under E.D. Mich. LR 37.1 "a sufficient time in advance of the hearing" and failed to prepare a joint list of unresolved issues (as required by the Undersigned's Practice Guidelines) (*see* ECF No. 81, PageID.786), are inapplicable, as the Court is not holding a hearing on this motion; it is not required to do so and, here, chooses not to do so.  *See* E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

Accordingly, Defendant's motion to compel (ECF No. 53) is **HEREBY GRANTED IN PART** (*i.e.*, only to the extent it seeks to compel discovery) and **DENIED WITHOUT PREJUDICE IN PART** (*i.e.*, with respect to it its requests for costs, expenses, and sanctions), the latter of which will be considered along with Defendant's more recent motion to compel (ECF No. 82), and after determining whether Plaintiff has obeyed the instant order.  Plaintiff is **HEREBY ORDERED** to: (1) fully answer Defendant's first set of interrogatories (ECF No. 53-2, PageID.575-586) without objection and under oath before a notary or by declaration compliant with 28 U.S.C. § 1746 no later than **February 20, 2026**; (2) fully answer Defendant's first set of requests for production (ECF No. 53-2, PageID.587-599), without objection,[3] no later than **February 20, 2026;** and, (3) attend and give her deposition, answering counsel's questions under oath on one of three dates, which the Court **DIRECTS** Defendant to propose in writing, with the deposition to take place within the  **February 23, 2026 and March 6, 2026** timeframe.  Discovery is **HEREBY EXTENDED to March 6, 2026**, for the sole purpose of completing Plaintiff's deposition.  Because of the delays caused by

---

[3] *See* Fed. R. Civ. P. 34(b)(2)(A) (party to whom request for production is made must respond in writing within 30 days of service of the request); *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 U.S. Dist. LEXIS 152972, 2012 WL 5268706, at *1 (E.D. Mich. Oct. 23, 2012) ("As a general rule, failure to respond to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.")

Plaintiff's recalcitrancy, the dispositive motion deadline is likewise extended to **May 8, 2026**.  **<u>Plaintiff is HEREBY WARNED that failure to comply with this order may result in an award of costs and expenses against her, as well as sanctions under Fed. R. Civ. P. 37, up to and including dismissal of her case with prejudice.</u>**

### C.    Plaintiff's motion for reconsideration (ECF No. 67)

Plaintiff has filed a motion for reconsideration of this Court's prior denial of her request to redact certain personal information, including her address, even though she is a party appearing *in pro per*.  The ruling she seeks to have reconsidered was made on November 5, 2025.  (ECF No. 38.)  E.D. Mich. LR 7.1(h)(2) requires that motions for reconsideration "must be filed within 14 days after entry of the order …."  The motion (ECF No. 67) is **DENIED AS UNTIMELY**.  Furthermore, such a motion may "be brought only" if there has been an "intervening change in controlling law" or "new facts warrant a different outcome" or the "court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision[.]"  *Id*.  Plaintiff has made no such showing here.  "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments."  *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d

898, 901 (E.D. Mich. 2018) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

      **D.**      **Plaintiff's "motion to file notice of appeal application to proceed *in forma pauperis* under seal" (ECF No. 79)**

Plaintiff has filed a motion to permit her application to proceed *in forma pauperis* on appeal to remain under seal because of the personal financial information that is necessarily revealed within the application.  That motion (ECF No. 79) is well-taken and **HEREBY GRANTED**.  Her application (ECF No. 80) **SHALL REMAIN UNDER SEAL** because of the personal financial information it reveals and the interest of the public being minimal.  The Court concludes that the information to be sealed meets the criteria enunciated in *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, No. 16-5055, 2016 WL 4410575 (6th Cir. July 27, 2016) and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).

      **E.**      **Plaintiff's motions invoking Rules 54(b) and 60(a) (ECF Nos. 73 & 74)**

      **1.**      **Rule 60(a) motion (ECF No. 73)**

Notwithstanding the fact that Plaintiff's objections to the November 5, 2025 Omnibus Order were overruled on January 9, 2026 (*see* ECF No. 59), Plaintiff subsequently filed two motions under Fed. R. Civ. P. 54(b) and 60(a) that seek to

undo and "clarify" the record, "revise the record" and/or "preserve the record,"

apparently for appellate purposes, with respect to the Court's rulings within the

Omnibus Order concerning the scope of discovery and the Court's description of

the pleadings.  (*See* ECF No. 73, *passim*.)  Nonetheless, while telling the Court that

she has an appeal pending, she "acknowledges that under Rule 60(a), this Court

may correct such oversights 'only with leave of the appellate court.'" (ECF No. 73,

PageID.706.)  It is unclear why, in light of that statement, she still believes she can

ask the Court for the relief sought here.  The rulings and findings with which

Plaintiff takes issue have already been subject to objections, all of which were

overruled.  Plaintiff's current efforts are effectively no more than motions for

reconsideration, which are filed well beyond the 14-day period permitted under

E.D. Mich. LR 7.1(h), and the Court will not allow these two new motions, each

filed on January 23, 2026, two-and-a half months after the November 5, 2025 order

of which she complains, to be used to circumvent the local rules.

Moreover, Rule 60(a) applies to "clerical mistakes, oversights and

omissions," not the type of merits review that Plaintiff seeks in these motions.

"Rule 60(a) applies when the record indicates that the court intended to do one

thing but, by virtue of a clerical mistake or oversight, did another."  12 *Moore's*

*Federal Practice* - Civil § 60.11[1].  That is not the type of "mistake" that Plaintiff

seeks to correct here; quite the opposite:  She seeks *to change the Court's*

*intention*, not convince it that its intention was not actually reflected in its order. *See Estate of West v. Smith*, 9 F.4th 1361, 1368–1369 (11th Cir. 2021) ("The district court's amendment was not a correction of a clerical error.  Rather, it was a change to the nature of the previous order to reflect a new and subsequent intent, which allowed the case to proceed against the previously-dismissed defendants. Thus, the district court could not invoke Rule 60(a) to reopen the case.") (internal quotation marks and citation omitted).  *See also Moore's,* § 60.11[3] ("Rule 60(a) does not apply if the change sought would affect substantive rights of the parties.").

Thus, in the instant matter, Plaintiff is hardly seeking correction of a mere clerical mistake, oversight, or omission.  Instead, she is, yet again, seeking to revisit the Court's ruling on substantive matters that determine the scope of discovery in this case.  And, notwithstanding Plaintiff's claim that her attempted amendments (both rejected and pending) necessarily narrow the scope of discovery to mere "garden variety" damages, this Court has already explained in its January 30, 2026 Memorandum Order that, "notwithstanding her attempt to label them conclusively as 'garden variety,' even her most recent motion for leave to amend the complaint proposes damages which include emotional distress, anxiety, and, apparently, exacerbation of these damages 'by prescription access interference[.]'" (ECF No. 76, PageID.747-748, n. 4 (citing ECF No. 41, PageID.474 and *Maday v.*

14

*Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("But when Maday

put her emotional state at issue in the case, she waived any such privilege . . . .").)

Additionally, Plaintiff's argument that ten years of medical records is

disproportional to "an approximately **one-year retaliation claim**" (ECF No. 73,

PageID.709 (emphasis in original)) fails to appreciate the difference between

damages and liability.  The reason why Defendant's record discovery is not limited

to the length of the allegedly discriminatory employment practice is that it is

entitled to test Plaintiff's claim that her damages were caused by Defendant's

alleged actions.  If a plaintiff turns out to have had a long history of the condition

she claims her employer caused her to suffer, *e.g.*, anxiety, a defendant may be

able to establish that the condition had another origin, or that the condition was a

longstanding one, or that it was no worse after the defendant's actions than it had

been before, or indeed, may have improved.  Put another way, a "look-back

period" enables a party accused of causing injury to establish a longitudinal

baseline against which to compare the plaintiff's condition before and after the

alleged causal event or behavior.  Elsewhere in this record, Plaintiff has suggested

that Defendant should not be able to discover her treatment records because she

does not plan to offer them into evidence herself.  However, Defendant's ability to

discover medical record evidence is not circumscribed by whether Plaintiff intends

to offer it into evidence, as Defendant may choose to offer it if it contradicts or

15

gives a fuller explanation of Plaintiff's claimed conditions or damages, and may use it for impeachment purposes.  In fact, "[i]information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Finally, as explained in its January 30, 2026 Memorandum Order, "Plaintiff has taken issue in several places with the Court permitting discovery of medical and mental health records '*limited* to 10 years back from the present.' (*See* Oct. 23, 2025 Minute Entry; ECF No. 38, PageID.429 (emphasis added).)  As discussed at the October 23, 2025 status conference, this temporal limitation was *narrower* than requested by defense counsel (*i.e.*, '*all* medical and mental health records' without temporal limitation), and thus afforded a level of protection to Plaintiff against discovery going back to the beginning of her life." (ECF No. 76, PageID.746-747, n. 3.)

### 2.  Plaintiff's motion for clarification and revision (ECF No. 74)

Plaintiff's motion "for clarification and revision" under Fed. R. Civ. P. 54(b) fares no better.  The Rule she invokes is titled "Judgment on Multiple Claims or Involving Multiple Parties."  It has no bearing on the relief being sought here.  And the Court is done clarifying and reclarifying its rulings.  Plaintiff is not entitled to keep revisiting and seeking to overturn the rulings in question *ad infinitum*.

Both motions (ECF Nos. 73 & 74) are **DENIED**.

16

**IT IS SO ORDERED.**[4]


Dated:  February 11, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).