UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,
*a subsidiary of BELFOR*,

        Defendant.

_____/

Case No. 4:25-cv-11833

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER ADDRESSING FIVE "LETTER REQUESTS" BY PLAINTIFF SEEKING LEAVE TO FILE ADDITIONAL MOTIONS (ECF Nos. 86, 88-90, 92) and STRIKING UNAUTHORIZED AND REPETITIVE MOTION (ECF No. 91)

On February 11, 2026, this Court entered an order which, *inter alia*, detailed the voluminous history of Plaintiff's docket filings, consequently prohibited Plaintiff "from filing anything further in this matter without prior leave from the Court," and imposed a one-page letter requirement by which Plaintiff would need to seek leave to file any further motions. (ECF No. 84, PageID.832.) A day later, Plaintiff filed her first such request (ECF No. 86), and within five days filed four more, plus an unauthorized motion (ECF No. 88-92). This Order addresses those filings sequentially.

**ECF No. 86:**  Plaintiff requests leave to file an amended application to proceed *in forma pauperis* and a motion to seal *ex parte*.  Those requests are **GRANTED**.

**ECF No. 88:**  This letter request seeks to "file a Notice of No Expert Disclosure[,]" which Plaintiff believes is necessary "for appellate preservation[.]"  (ECF No. 88, PageID.874.)  That request is **DENIED AS UNNECESSARY**.  While expert disclosures are necessary in federal litigation under Fed. R. Civ. P. 26(a)(2) & (3) and experts are to be designated on witness lists per the scheduling order (ECF No. 18, PageID.218), it is not necessary for parties to state a negative in that regard.  The lack of a designation will suffice and is hereby duly noted.  It is also reflected in the letter request itself, which will be part of the record for appellate purposes.

 **ECF No. 89:**  This letter request does not seek leave to file a new motion, but rather asks, "May I please file a Motion to Request a Ruling [regarding a pleading, as mentioned in the title], especially for appellate preservation?"  (ECF No. 89, PageID.880.)  The request is **DENIED AS UNNECSSARY.**  Any motion now pending does already, by its very nature, request a ruling.  It is unclear upon which pending motion regarding pleadings Plaintiff particularly wants the Court to rule, but the Court has already set a hearing on two such motions (ECF Nos. 6 & 41) for next week.  At that time, if not sooner, the Court will either rule on those motions from the bench or take them under advisement and issue rulings soon thereafter.

**ECF No. 90:**  This one line letter request states, *in toto*, "May I please file a Motion to Extend Discovery, especially for appellate preservation?"  (ECF No. 90, PageID.884.)  It gives no reason why such an extension is necessary in terms of discovery needs, and the only reason given ("for appellate preservation") suggests gamesmanship, *i.e.*, that Plaintiff is looking for an adverse ruling from which she may appeal, not an actual need.  The request for leave to file such a motion is **DENIED** for lack of any explanation and because the Court's familiarity with the history this case, as spelled out in several prior orders, gives it the distinct impression that Plaintiff has made extraordinary efforts to delay, block, and impede discovery.  The Court is not inclined to extend discovery, beyond what was addressed in its most recent order.  (ECF No. 84, PageID.839-840.)

**ECF No. 91:**  This 14-page filing violates the letter request requirement described above by filing a full-blown "Motion for a Preliminary Protective Order" without first seeking leave and, even if it were construed as a leave request rather than an actual motion, violates the Court's one-page limit.  (*See* ECF No. 84, PageID.830-832.)  Moreover, the motion is repetitive of prior requests challenging the breadth and scope of discovery, including the request for ten years of medical or counseling records – which the Court has addressed again and again – and, yet again, seems to challenge this Court's prior rulings.  (*See* ECF Nos. 38, 76, & 84.) Furthermore, Plaintiff's prior motion for a protective order as to this subject matter

3

has been denied (ECF No. 84, PageID.836), and Plaintiff is already under Court order to comply with Defendant's outstanding discovery requests (*id.*, PageID.839).  As the Court noted in its order compelling discovery from Plaintiff, her steadfast resistance to any discovery and failure to timely respond to Defendant's discovery requests "constitutes a waiver of any objection."  (*Id.*, n. 3 (citing Fed. R. Civ. P. 34(b)(2)(A) and *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 U.S. Dist. LEXIS 152972, 2012 WL 5268706, at \*1 (E.D. Mich. Oct. 23, 2012).)  Accordingly, ECF No. 91 is **HEREBY STRICKEN**.

**ECF No. 92:**  Finally, Plaintiff has filed a one-line letter request which, verbatim, vaguely queries, "May I please file a Motion to Request to Supplement the Record prior to the upcoming Hearing, especially for appellate preservation?"  (ECF No. 92, PageID.902.)[1]  The answer to this question, as previously given on more than one occasion (*see* ECF No. 38, PageID.430-431; ECF No. 84, PageID.832-833), is "No."  Parties are not entitled to simply plow whatever they want into the record "for appellate preservation" and are not entitled to simply file items on the docket that they perceive as being helpful to their case just to add them to the record.  The filing of evidence with the Court is improper unless connected with pleadings, in

---

[1] In citing PageID.902 here, it is striking that Plaintiff's flood of filings has ballooned this record all the way up to PageID.902 and beyond, while she is still resisting discovery.

support of motions, at trial or if specifically requested by the Court.  This request is

**DENIED**.

   **IT IS SO ORDERED.**[2]


Dated:  March 4, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).