UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

               Plaintiff,

v.

THE PROFESSIONAL GROUP,
*a subsidiary of BELFOR*,

               Defendant.

_____/

Case No. 4:25-cv-11833

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**<u>ORDER DENYING PLAINTIFF'S NOVEMBER 21, 2025 MOTION TO ADD DEFENDANT OR FOR ALTERNATIVE RELIEF (ECF No. 41), GRANTING PLAINTIFF'S DECEMBER 11, 2025 MOTION FOR JURY TRIAL (ECF No. 48), and SUSPENDING THE MAY 8, 2025 DISPOSITIVE MOTION DEADLINE (*see* ECF No. 18)</u>**

**A.    The operative pleading is Plaintiff's June 18, 2025 original complaint.**

Janella Smart filed this fee-paid employment lawsuit *in pro per* on June 18, 2025 against her former employer, The Professional Group (TPG) (a subsidiary of Belfor), based on the alleged events of September 19, 2024 (when she began her employment) through, *e.g.*, her January 10, 2025 formal complaint with human resources, her March 31, 2025 EEOC right to sue letter, and May 19, 2025, from which point she has allegedly been "effectively suppressed from obtaining new employment and gig opportunities" and "unable to collect future unemployment benefits due to Michigan UIA's refusal to close her previous claim after new

employment." (ECF No. 1, PageID.3-4 ¶¶ 1-12, PageID.5-12 ¶¶ 1-28; *see also id.*, PageID.21-24.) The pleading makes three claims for relief: (1) retaliation (Title VII and Michigan's ELCRA); (2) wrongful termination, including race discrimination (Title VII and Michigan's ELCRA); and, (3) defamation and fraudulent manipulation of employment record. (*Id.*, PageID.14-16.)

**B.     On March 11, 2026, the Court conducted a hearing on several motions.**

Judge Behm has referred this case to me for pretrial matters. (ECF No. 9.) Among the motions currently pending before the Court are: (1) Plaintiff's November 21, 2025 "Conditional Motion to Add Defendant Under Rule 21 or, Alternatively, Protective Motion for Leave to Amend Following Ruling" (ECF No. 41); and, (2) Plaintiff's December 11, 2025 motion for jury trial (ECF No. 48), as to which Defendant has filed a response (ECF No. 50) and Plaintiff has filed a reply (ECF No. 51).

These motions were addressed in the parties' March 4, 2026 joint list of unresolved issues. (ECF No. 100.) The Court set these and other motions for an in-person hearing on March 11, 2026 (ECF No. 85), at which Smart appeared on her own behalf and Attorney Jaclyn R. Giffen appeared on behalf of the Defendant. Following oral argument, the Court took these motions under advisement.

**C.     Discussion**

    **1.     Plaintiff's November 21, 2025 motion to add Defendant or for alternative relief (ECF No. 41) is DENIED.**

2

Plaintiff's November 21, 2025 filing is titled a "*conditional* motion to add Defendant under Rule 21 or, alternatively, *protective* motion for leave to amend following ruling."  (ECF No. 41 (emphases added).)  Plaintiff explained at oral argument that she filed this motion "protectively," because she knew that the November 25, 2025 deadline for filing motions for leave to amend (*see* ECF No. 18, PgaeID.217) was approaching.  Upon consideration of the motion papers and the March 11, 2026 oral arguments, Plaintiff's motion (ECF No. 41) is **DENIED**.  Preliminarily, to the extent Plaintiff's motion seeks "conditional" relief (ECF No. 41, PageID.451-452, 454-455), the Court's November 5, 2025 omnibus order has already explained that the Court "does not give advice or advisory opinions" and "does not rule prospectively or hypothetically" (ECF No. 38, PageID.436).

As for the proposed amended complaint (PAC), the Court acknowledges it is divided into seven clearly labeled sections – *i.e.*, "parties," "jurisdiction and venue," "statement of facts," "claims for relief," "damages," "relief requested," and "certification and closing."  (*See* ECF No. 41, PageID.457-478.)  Thus, where the PAC mentions 28 U.S.C. §§ 1331, 1343, and 1367 (*see id.*, PageID.458 ¶ 1), it provides "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1) (*see* ECF No. 41, PageID.458 ¶¶ 1, 2).  Also, where the PAC

3

requests various forms of relief (*see* ECF No. 41, PageID.475-477 ¶¶ 1-10), it provides "a demand for the relief sought," Fed. Civ. P. 8(a)(3), although the Court will discuss below that some of the requests are problematic.

Nonetheless, there are several reasons why the PAC does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and/or does not "state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6). These include, but are not limited to the following:

- Within the "Statement of Facts" (ECF No. 41, PageID.458-464), Plaintiff discusses the proposed addition of Defendants Walgreens Pharmacy and Express Scripts (which Plaintiff identifies as a pharmacy benefit manager [PBM]) (ECF No. 41, PageID.458-461; *see also id.*, PageID.452-455); however, these parties are too disconnected from the present, former employer Defendant TPG, and the core facts of this case, which include alleged employment discrimination, record-keeping, retaliation and disparagement.

- Where the PAC discusses "Walgreens, CVS, and Prescription Obstruction Background" and "Express Scripts, Priority Health,

4

ACA Reporting, and DEA Protected Activity" (ECF No. 41, PageID.459-461; *see also id.*, PageID.452-455 ¶¶ 7-11), it makes some incomprehensible and fantastic allegations.[1]

- Plaintiff mentions "prescriptions for a controlled medication used to manage a recognized disability[,]" (ECF No. 41, PageID.459 ¶ 7; *see also id.*, PageID.460 ¶ 10, PageID.468 ¶¶ 3, 4), but does not provide specifics.

- In some instances, if the Court comprehends it correctly, the PAC contains fantastical allegations and suggestions of a wide-ranging conspiracy and coordination between Defendant, Plaintiff's subsequent employer, a pharmacy benefit manager, two pharmacies, the Michigan Unemployment Bureau, the Michigan Board of Pharmacy, and various other government agencies (*see* ECF No. 41, PageID.459-464, ¶¶ 8, 9, 14, 16, 18, 21; PageID.477, ¶10; PageID.462, ¶ 15 (alleging that "multiple entities … exhibited synchronized adverse actions" including

---

[1] Although less problematic, Plaintiff's statement of facts also contains an incomplete sentence.  (ECF No. 41, PageID.459 ¶ 7.)

"escalation" by "Financial Institutions")).  *See Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989) (examples of "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.").  At oral argument she explained that the bases of her motion to add defendant(s) and/or amend were the "temporal proximity" between things that happened at work and interference with her alleged medical needs and her belief that "those entities are related."  However, "temporal proximity alone is generally not enough to establish the prima facie element of causation."  *Wingo v. Mich. Bell Tel. Co.*, 815 F. App'x. 43, 46 (6th Cir. 2020) (citing *Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 629 (6th Cir. 2013); *Newton v. Ohio Dep't of Rehab. & Correction-Toledo Corr. Inst.*, 496 F. App'x 558, 567 (6th Cir. 2012) (noting that "causation, not temporal proximity itself . . . is an element of plaintiff's *prima facie* [Title VII retaliation] case"); and *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 832 (6th Cir. 1999) (observing that "'temporal proximity alone

6

will not support an inference [of retaliation] in the face of compelling evidence'") (quoting *Moon v. Transport Drivers, Inc.*, 836 F.2d 226, 229 (6th Cir. 1987))).  Furthermore, "Rule 11 requires [a party] to seek credible information rather than proceed on mere suspicions." *Musial v. Telesteps Inc.*, Case No. 14-01999, 2016 WL 3369426, *3 (D. Ariz. Jul. 25, 2016). *See also Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985) (granting summary judgment on conspiracy claims and others, and awarding sanctions and attorney fees against counsel, after noting that, "Rule 11 requires that they have in hand sufficient credible information (as opposed to opinions or conclusions) from whatever source to enable *them* to form a reasonable belief that the allegations to which they put their signature are well-grounded in fact.") (emphasis in original) (citing *Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir. 1979)).

- At least one portion of the PAC contains argument, not allegations. (*Id.*, PageID.463 ¶ 19.)

- Within the eight "Claims for Relief" (ECF No. 41, PageID.464-473), the PAC does not mention present Defendant TPG or either of the proposed additional Defendants (Walgreens, Express Scripts) (*see id.*, PageID.464-473); indeed, the PAC's causes of action only refer to "defendant" or "defendant's" and not even "defendants." Thus, to the extent Plaintiff wants to add Defendants Walgreens and Express Scripts, she does not plead any claims against them, and Plaintiff's causes of action do not specify the defendant(s) against which the proposed claims are brought.

- In some instances, the PAC's claims for relief are a mish-mash of unrelated federal and state statutory citations, *e.g.*: (a) Count IV's references to 42 U.S.C. § 18117 of the Affordable Care Act (ACA) and 42 U.S.C. § 12203 of the Americans with Disabilities Act (ADA) (*see id.*, PageID.467-469);[2] (b) Count V's references to 18 U.S.C. § 1513(e) of the federal criminal

---

[2] Moreover, it is not at all clear that a private cause of action is available under 42 U.S.C. § 18117 ("The Inspector General of the Department of Health and Human Services shall have oversight authority with respect to the administration and implementation of this title as it relates to such Department.").

statutes regarding obstruction of justice (18 U.S.C. §§ 1501-1521) and 29 U.S.C. § 218c of the Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201-219) (*see id.*, PageID.470-471); (c) Count VI, which is described as "Michigan Whistleblowers' Protection Act & Other Related Federal Statutes," (*see id.*, PageID.471); and, (d) Count VII, which is described as including common law defamation and fraud, as well as "fraudulent manipulation of employment record" based on an unspecified provision of the multi-section Bullard-Plawecki Employee Right to Know Act (cited as Mich. Comp. Laws §§ 423.501, *et seq.*) (*see* ECF No. 41, PageID.472-473). Fraud, of course, requires specific fact pleading under Fed. R. Civ. P. 9(b), but no such details are provided.

- In Count IV, Plaintiff's allegation that "Defendant's actions were motivated by retaliation for Plaintiff's exercise of federally protected rights under the ADA and ACA" (ECF No. 41, PageID.469 ¶ 6) is unclear.

- Similarly, Count IV's allegations that are based on suspicion (ECF No. 41, PageID.468 ¶ 4, PageID.469 ¶ 5(c); *see also* PageID.460 ¶ 9), do not meet the standard of Fed. R. Civ. P. 11(b) ("Representations to the Court.").

- Count VIII, which is labeled "Abuse of Process / Litigation Harassment (Common Law & Rule 26(c))" (ECF No. 41, PageID.473), is effectively a motion or an objection and does not actually plead a claim.

- **The PAC's "Damages" (ECF No. 41, PageID.474-475)** include what she labels "garden-variety emotional distress," such as "humiliation, embarrassment, stress, and anxiety resulting from Defendant's conduct." (*Id*., PageID.474.) However, courts are not bound by a plaintiff's use of the "garden variety" label but, rather, may look beyond the litigant's own characterization of their damages. *Kubik v. Central Mich. Univ. Bd. of Trustees*, No. 15-cv-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016) (citing *Equal Employment Opportunity Comm'n v. Sheffield Fin., LLC*, No.

1:06CV00889, 2007 WL 1726560, at *4 (M.D.N.C. June 13, 2007)).  Preliminarily, "anxiety disorders" are a disorder class in the *Diagnostic and Statistical Manual of Mental Disorders* (DSM-5); thus, an anxiety diagnosis is hardly "garden variety."[3]  Moreover, Plaintiff alleges she "does not claim a specific psychiatric injury, diagnosis, or medical treatment, and does not intend to rely on medical records or expert testimony in support of these damages . . . [,]" (*id.*); however, even if Plaintiff will not do so, Defendant is entitled to explore the damages Plaintiff alleges.  Additionally, where she alleges that her emotional distress is "exacerbated by prescription access interference . . . [,]" (*id.*), her pharmacy records and any treatment records for anxiety and emotional distress would clearly be at issue, regardless of whether she intends to offer them in evidence.  The Court has explained the scope of discovery in several prior orders.  (*See* ECF No. 38, PageID.428; ECF No. 76, PageID.747-748 n.4; ECF No. 84, PageID.843-844.)

---

[3] *See* Table 13, DSM-IV to DSM-5 Generalized Anxiety Disorder Comparison - DSM-5 Changes - NCBI Bookshelf.

- The PAC's request to "[e]nter judgment in favor of Plaintiff and against Defendant on all Counts[,]" (ECF No. 41, PageID.475 ¶ 1), does not identify *which defendant* among the several choices given.

- The PAC's "Relief Requested" (ECF No. 41, PageID.475-477), includes a request to "[e]ncourage the parties to engage in good faith settlement discussions at any stage of the proceedings, recognizing that Plaintiff values the efficient resolution of disputes where appropriate[,]" (ECF No. 41, PageID.476 ¶ 6), which is not cognizable relief.

- Plaintiff repeatedly "reserves" rights (ECF No. 41, PageID.475, 476, 477; *see also id.*, PageID.472), which is not appropriate in a pleading. *See, e.g.*, *McDonald v. Petree*, 409 F.3d 724, 728 (6th Cir. 2005) (Plaintiff's "burden as the party opposing summary judgment, and more importantly as the plaintiff in a lawsuit, extends beyond merely 'reserving' rights;" instead, a

Plaintiff "must allege wrongdoing on the part of [Defendant], which [she has] failed to do.").

- **The PAC's attached timeline (ECF No. 41, PageID.478-484)** spans the period from September 19, 2024 to May 19, 2025 (*see* ECF No. 41, PageID.478-484), which dates also appear in Plaintiff's original pleading (*see, e.g.,* ECF No. 1, PageID.3 ¶ 1, PageID.5 ¶ 1, PageID.10 ¶ 21); however, the timeline superfluously alleges that Plaintiff contacted Michigan's federal representatives and senators on February 25, 2025, but there was "no meaningful resolution" and she received a "server blocking nomination" (*see* ECF No. 41, PageID.482).  This material is strikable as "immaterial" under Fed. R. Civ. P. 12(f).

Finally, it is ironic that, after all of Plaintiff's complaints about the breadth of discovery being too broad (*see, e.g.,* ECF Nos. 26, 34, 38; ECF Nos. 52, 84; ECF Nos. 91, 99), Plaintiff wants to expand the subject matter of her lawsuit to include two defendants related to prescription coverage, which would lead to even broader discovery.  For all of the foregoing reasons, Plaintiff's PAC does not satisfy Fed. R Civ. P. 8(a)(2) and/or Fed. R. Civ. P. 12(b)(6) and would not survive a motion to dismiss.  *See, e.g., SFS Check, LLC v. First Bank of Delaware,* 774

F.3d 351, 355 (6th Cir. 2014) ("Amending would be futile if a proposed amendment would not survive a motion to dismiss.") (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010)).

**2.      Plaintiff's December 11, 2025 motion (ECF No. 48) is GRANTED.**

Plaintiff seeks an order granting a jury trial pursuant to Fed. R. Civ. P. 39(b), which provides: "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).  Defendant has filed a response (ECF No. 50), and Plaintiff has filed a reply (ECF No. 51).

Upon consideration of the motion papers and the March 11, 2026 oral arguments, Plaintiff's motion (ECF No. 48) is **GRANTED**.  The Court acknowledges Plaintiff's admission at the March 11, 2026 hearing that she did not ask for a jury demand in her original pleading (*see also* ECF No. 1, PageID.1, 25), agrees with Defendant that Plaintiff's request is beyond the 14-day period mentioned in Fed. R. Civ. P. 38(b)(1) (*see also* ECF No. 50, PageID.530-531), and recognizes that "[t]he burden placed on a party forced to change its strategy in order to accommodate a jury trial has been held to be enough to justify the denial of a Rule 39(b) motion[,]" *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987) (citing *United States v. Unum, Inc.,* 658 F.2d 300, 303 (5th Cir. Unit A 1981)).  Plaintiff explained at oral argument that she "didn't realize it was

waived" and "thought that" she had already check-marked the box provided on the court forms for a jury demand.  In other words, she represents that the failure to demand a jury or waiver was inadvertent.

Nonetheless, the case cited by Defendant considered "whether the district court abused its discretion by inviting and granting a late motion for a jury trial[,]" and the Sixth Circuit "affirm[ed] the grant of the jury trial." *Kitchen*, 825 F.2d at 1013.  Although Fed. R. Civ. P. 38(b) "requires that a demand for a jury trial be made within 10 days of the last pleading directed to the issue, a district court 'in its discretion' under . . . Fed. R. Civ. P. 39(b), may grant a late motion for a jury trial." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986).  "A district court has broad discretion in ruling on a Rule 39(b) motion." *Misco, Inc.*, 784 F.2d at 205 (citing *Swofford v. B & W, Inc.,* 336 F.2d 406, 408 (5th Cir.1964)).

Here, as Plaintiff touched upon in her motion (*see* ECF No. 48, PageID.513) and at oral argument, the Court has yet to schedule this case for trial (*see* ECF No. 18, PageID.218).  Additionally, while Defendant argued in its response that "Defendant is prejudiced by Plaintiff's gamesmanship[,]" (*see* ECF No. 50, PageID.534-535), Defendant was not specific in its brief or at oral argument as to how its strategy and discovery would have been different, nor does the inadvertent failure to check the jury demand box on a court form amount to "gamesmanship." Indeed, when the Court specifically asked what additional discovery would be

necessary to allay the purported prejudice, defense counsel stated that there "may be some additional questions that I would ask the Plaintiff," but she "can't think of any of those now … but that would be limited."  Counsel then clarified that Defendants were not asking for additional discovery "at this time" in the event the Court were to grant the motion.  All things considered, and in light of the Court's "broad discretion" on this issue, *Misco, Inc.*, 784 F.2d at 205, Plaintiff's motion (ECF No. 48) is **GRANTED**.  Should this case survive the pending motions seeking dismissal (*see* ECF Nos. 82 & 97) and then survive the inevitable motion for summary judgment and then proceed to trial, Plaintiff will be entitled to have a jury of her peers sit as the finder-of-fact.

### D.    Order

Accordingly, Plaintiff's November 21, 2025 motion to add Defendant or for alternative relief (ECF No. 41) is **DENIED**, and Plaintiff's December 11, 2025 motion for jury trial (ECF No. 48) is **GRANTED**.  Additionally, the remaining pending motions (*i.e.*, ECF Nos. 82, 97) will be addressed under separate cover.

**IT IS SO ORDERED.**[4]

Dated:  April 14, 2026

_____

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE