UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,
*a subsidiary of BELFOR*,

        Defendant.

_____/

Case No. 4:25-cv-11833

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER REGARDING PLAINTIFF'S "MOTIONS FOR LEAVE" (ECF Nos. 101, 102, 108)

Currently pending before the Court are three more requests for leave to file two more motions in what has already been a flood of Plaintiff initiated motions. (ECF Nos. 101, 102, 108.)  On February 11, 2026, in an effort to reign in this case and the inordinate amount of attention it has required of two different judges, the Court imposed upon Plaintiff a pre-motion requirement to seek leave before filing any additional motions by first filing "a one-page letter (to which a one-page response may be filed within two days), after which the Court will determine whether the motion shall be permitted and, if permitted, provide briefing parameters and page limitations." (ECF No. 84, PageID.832.)  The Court also explained that, "Any motion or notice filed by Plaintiff in violation of this requirement (excepting objections under Fed. R. Civ. P. 72 or notices of appeal)

1

shall be stricken." (*Id.*)  The Court also indicated that it may choose to rule on the merits of these requests summarily, without further briefing. (*Id.*)  After initially filing such a letter (ECF No. 86), Plaintiff then made a series of perfunctory filings styled as "letter motions." (ECF Nos. 88, 89, 92.)  These filings have not only violated the form of the requests imposed by the Court, calling themselves "motions" and not being in letter form, but they have largely consisted of a sentence or two that provides no real basis for explaining the need to file another motion.  Currently before the Court are three more such filings.  As to those:

- **ECF No. 101:** is **DENIED AS MOOT**, in light Plaintiff's subsequent filing of an "errata" regarding this motion. (*See* ECF No. 102.)

- **ECF No. 102:** is **DENIED** as to the request for leave to file a motion to quash and is summarily **DENIED in part** on the merits because it is duplicative of Plaintiff's prior unsuccessful resistance to the Court's prior rulings as to the scope of discovery, because Plaintiff has opened herself up to exactly the type of discovery she is now resisting by making the damage claims she asserts in her pleadings, because Plaintiff has thereby waived the general "financial and healthcare privacy" rights she now claims with respect to the bulk of the information at issue in the subpoenas she attacks, and for the reasons explained more fully in the report and recommendation filed this day.  Plaintiff's objection to the

2

relevancy of these records is **OVER-RULED**, except with regard to information as to her direct deposit and banking information, which is **SUSTAINED**. The Court summarily **GRANTS** Plaintiff's request for protection to this limited extent, and Defendant **SHALL NOT** issue a subpoena requesting Plaintiff's banking and direct deposit information.

- **ECF No. 108:** states, in toto, "May I please file a Motion to Request an Intent to Stand on the Record with a complimentary conditional protective order especially for appellate preservation?" (PageID.1343.) This request is incomprehensible and is **DENIED** as such. It perhaps is one of several attempts to take exception to the Court's prior rulings and let the world know that she intends to appeal them. But it is unnecessary. The record in this case is quite robust, and Plaintiff's disagreements with the Court's rulings are very obvious through her duplicative filings and multiple objections, not to mention her request for mandamus relief. She is admonished to stop making random filings for the sole purpose of "appellate preservation," as she has on several occasions already. There is a procedure for objecting to a magistrate judge's orders and recommendations with which she has already demonstrated great familiarity. She may appeal any of the district judge's rulings to the Court of Appeals at the appropriate time and in the proper manner, as

3

spelled out by the Federal Rules of Appellate Procedure.  The latest request for leave to file a motion is also **DENIED** for failure to comply with the procedures set forth in ECF No. 84, as Plaintiff goes well beyond a one-page letter request by attaching a full motion to her one sentence request, as quoted above.  If this briefing was supposed to be considered in reviewing the request, it far exceeds a "one-page letter."

**IT IS SO ORDERED.**[1]

Dated:  April 14, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).