UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

        Plaintiff,

v.

THE PROFESSIONAL GROUP,

        Defendant.

_____ /

Case No. 25-11833

Hon. F. Kay Behm
United States District Judge

Anthony P. Patti
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY (ECF No. 63)

Plaintiff filed this complaint against The Professional Group (TPG) on June 18, 2025.  (ECF No. 1).  Plaintiff previously filed a motion asking that both the undersigned and Magistrate Judge Patti recuse from these proceedings.  (ECF No. 47).  The court addressed the motion on behalf of the undersigned only and denied the motion.  (ECF No. 57).  Plaintiff has now filed a second motion seeking the undersigned's disqualification from these proceedings (ECF No. 63), which was filed only days after her first motion to recuse the undersigned was decided.  While Plaintiff admits that, at the time she filed her motion, she had neither received nor reviewed the undersigned's orders overruling objections, denying motion to vacate order of reference and the order denying her first motion for recusal, her motion purports to address

1

"conduct and decisions reflected in those orders" as well as prior court orders issued by Magistrate Judge Anthony P. Patti.  (ECF No. 63, PageID.664).  For the reasons set forth below, Plaintiff's motion is **DENIED**.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The provision requires a judge to *sua sponte* recuse himself if the judge knows of facts that would undermine the appearance of impartiality.  *Weatherspoon v. J. Thibault*, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)).  Additionally, 28 U.S.C. § 144 requires that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

An affidavit filed under § 144 must "allege[] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party."  *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).  Rather than a subjective determination of bias, the statute

2

"imposes an objective standard:  a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotation marks omitted)).

Courts have observed that the roots of a judge's bias are not limited to a singular source.  "A judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings."  *Burley*, 834 F.3d at 616 (citing *Liteky*, 510 U.S. at 555).  However, the Sixth Circuit has repeatedly held that it "will not ascribe bias to a district judge in the absence of evidence that he has abandoned his role as an impartial arbiter."  *Taylor Acquisitions*, *LLC v. City of Taylor*, 313 Fed. Appx. 826, 838 (6th Cir. 2009) (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 753 (6th Cir. 1992)).  Moreover, "a federal judge has a duty to *sit* where *not disqualified*, which is equally as strong as the duty to *not sit* where *disqualified*."  *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J) (emphasis in original) (collecting cases).  Further, most commonly, judicial bias must be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's

background and association and not from the judge's view of the law." *Id*.  As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion."  510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment.  *Id.*

The substantive basis for Plaintiff's motion is without merit under either § 455 or § 144.  Plaintiff's claims of bias and the basis for the motion for recusal are grounded on the rulings of the undersigned, which she admits to not even having yet reviewed at time of her filing and various rulings of Judge Patti.  (ECF No. 63).  Importantly, Plaintiff's motion has not alleged, much less supported with sworn testimony, any claim of an extra-judicial source of personal bias on the part of the undersigned.  Nor has plaintiff set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings in this matter that is so extreme as to render the undersigned unable to act impartially.

The Sixth Circuit has explained that "[a] party cannot establish bias simply because it is unhappy with a [ ] judge's rulings." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citing *Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001)).  Thus, Plaintiff's displeasure with the undersigned's and the Magistrate Judge's decisions do not provide grounds for disqualification, especially where Plaintiff filed the present motion without having even reviewed the undersigned's orders.  As with her first motion for recusal, Plaintiff's motion and affidavit simply have not suggested facts which would lead a reasonable person with knowledge of all of the facts to question the undersigned's impartiality in this matter.  Therefore, the court concludes that Plaintiff's allegations are without merit and recusal or disqualification is neither necessary nor appropriate.

For the foregoing reasons, Plaintiff's motion is **DENIED**.

**SO ORDERED**.

Date: April 16, 2026                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

5