UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,                                    Case No. 25-11833

        Plaintiff,                              Hon. F. Kay Behm
v.                                                United States District Judge

THE PROFESSIONAL GROUP,                           Anthony P. Patti
                                                  United States Magistrate Judge
        Defendant.
_____ /

## ORDER OVERRULING OBJECTIONS (ECF No. 87, 93, 103, 104)

### I.      PROCEDURAL HISTORY

Plaintiff, Janelle Smart is proceeding pro se in this matter against Defendant, The Professional Group.  This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings.  (ECF No. 9).  Judge Patti has addressed a number of pretrial matters (ECF Nos. 76, 84, 99), and Smart has lodged objections to his Orders.  (ECF Nos. 87, 93, 103, 104).  For the reasons set forth below, the court **OVERRULES** those objections.

### II.     STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge

1

must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

III.    **ORDER DENYING MOTION TO RECUSE (ECF No. 76) and OBJECTIONS (ECF No. 87)**

The court first notes that the Sixth Circuit Court of Appeals addressed the issue of whether Magistrate Judge Patti was biased against her and found no such evidence of bias:

Smart's allegation of bias is based entirely on rulings and conduct during her lawsuit.  Where, as here, the alleged bias is not based on knowledge outside the proceedings, "judicial rulings, routine trial administration efforts, and ordinary admonishments" warrant recusal only if they demonstrate a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994).

The allegedly biased conduct— ... unfavorable discovery rulings, the denial of accommodations, and the use of an omnibus order—would not lead a reasonable, objective person to question the judges' impartiality, and it certainly does not demonstrate a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id*. To the contrary, Magistrate Judge Patti's omnibus order addresses each of Smart's motions and arguments and sets out the legal bases for all of his rulings, including for discovery disputes and ADA accommodations.  * * * Finally, Smart offers nothing more than bald conjecture to support her assertion that the timing of the district court's rulings shows retaliation, and nothing in the record suggests as much.

(ECF No. 119, pp. 2-3).  And "[t]o the extent - which is considerable - that Plaintiffs' Motion [and objections] complain of the Court's procedural and substantive rulings, such complaints can be asserted on appeal, for which a motion to recuse is not a substitute."  *Garner v. Cuyahoga Cnty. Juv. Ct.*, No. 1:02CV1286, 2005 WL 8159059, at *2 (N.D. Ohio Apr. 7, 2005) (citing *In re*

*Internat'l Bus. Mach. Corp*. 618 F.2d 923, 929 (2d Cir. 1980) ("'[The recusal statute] was never intended to enable a litigant to oust a judge for adverse rulings made, for such rulings are reviewable otherwise.'") (quoting *Ex parte Am. Steel Barrel Co*., 230 U.S. 35, 44 (1913)).

To the extent Plaintiff's objections are not foreclosed by the Court of Appeals' decision, they will be addressed in turn.  First, Plaintiff objects to Judge Patti's reliance on *FDIC v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998) ("[a] party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against [her].") (internal citations omitted), asserting that a motion under § 144 is not an "attack."  Judge Patti used this case to support his conclusion that Plaintiff's filing of a judicial complaint with the Court of Appeals under 28 U.S.C. § 351 does not itself require recusal or the pause of proceedings.  (ECF No. 76, PageID.743).  Plaintiff pointed out in her motion that she filed the Judicial Misconduct Complaint regarding her concerns and that, at the time of her motion, it remained pending.  Accordingly, Judge Patti appropriately addressed the potential impact of that complaint on the motion to recuse. Objection No. 7 covers the same ground as Objection No. 1.  The court finds no error in Judge Patti's analysis and these objections are **OVERRULED**.

4

Second, Plaintiff contends in Objections 2, 3, and 4, that Judge Patti improperly concluded that she waived her privacy rights.  Plaintiff asserts that any finding that she waived her privacy rights is a mischaracterization of her complaint.  Plaintiff seems to be suggesting that her mention of prescription interference in her complaint wrongfully led to a ruling that she waived her privacy rights.  As Judge Patti explained in his order:

> Plaintiff argues that there is evidence of bias against her based on the Court's "refusing to allow for amendments to reduce damages and narrow medical scope" (ECF No. 64, PageID.675, ¶ 12), since she believes her physical and mental health should not be discoverable; yet, notwithstanding her attempt to label them conclusively as "garden variety," even her most recent motion for leave to amend the complaint proposes damages which include emotional distress, anxiety, and, apparently, exacerbation of these damages "by prescription access interference[.]" (ECF No. 41, PageID.474.) *See Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("But when Maday put her emotional state at issue in the case, she waived any such privilege . . . .").

(ECF No. 76, PageID.748-49, n. 4).  Plaintiff's contention that there was no waiver is contradicted by the Court of Appeals' decision, which rejected her argument that the court's discovery rulings would wrongfully expose her personal contact information and private medical records where, as Judge Patti explained "Smart put her health at issue by asking for damages for her 'anxiety', 'emotional trauma', and 'health deterioration.'"  (ECF No. 119, p. 2).

Plaintiff's complaint that Judge Patti improperly allowed for discovery of her medical records going back 10 years is equally without merit.  Plaintiff offers no authority in support of her position that the scope of the discovery ordered by Judge Patti is not proportional to the needs of the case.  The court finds no error in Judge Patti's discussion of the fact that Plaintiff put her health at issue in this case and the scope of the related waiver, nor do these rulings provide any basis for Judge Patti to recuse himself.  *See Garner*, 2005 WL 8159059, at *2 ("To the extent - which is considerable - that Plaintiffs' Motion [and objections] complain of the Court's procedural and substantive rulings, such complaints can be asserted on appeal, for which a motion to recuse is not a substitute.").  Accordingly, these objections are **OVERRULED**.

Plaintiff's fifth objection is too vague to be considered a proper objection:

> **Pro se litigant, words should be liberally construed**: At minimum, it, in effect despite intent, is the exploitation of a pro se plaintiffs falling victim of —at worst drafting error and at best fixable misunderstanding —to facilitate harassment administratively imposed by the Court. This 'all-or-nothing' approach constitutes a clear abuse of discretion that prioritizes a technicality over the fundamental right to privacy and the court's duty to ensure a fair and balanced discovery process.

(ECF No. 87, PageID.863).  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the

order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).  Because this objection is too vague for the court to consider and fails to identify any error in Judge Patti's order, it is **OVERRULED**.

Sixth, Plaintiff complains about the timing of Judge Patti's decisions as evidence of bias:  "The Plaintiff am [sic] not merely challenging the *substance* of the Court's rulings, but the hostile manner and retaliatory timing in which they were delivered. The Court's decision to ignore The Plaintiff substantive motions for months, only to issue a 'sweeping' mass-denial immediately following the plaintiff appellate activity, is not simply a 'ruling' or 'disagreement' —it is an act of judicial antagonism."  (ECF No. 87, PageID.864).  The court agrees with the Sixth Circuit's observation that Plaintiff "offers nothing more than bald conjecture to support her assertion that the timing of the district court's rulings shows retaliation, and nothing in

the record suggests as much." (ECF No. 119, p. 3). Accordingly, this objection is **OVERRULED**.

Plaintiff's eighth objection fails to point the court to any part of Judge Patti's order she finds objectionable and is too vague to be considered:

> The Court's reliance on its own previous orders to dismiss The Plaintiff [sic] concerns regarding privacy is a circular fallacy. The Plaintiff am [sic] arguing that the systematic denial of 'routine and basic privacy protections' constitutes a pattern of abuse of discretion; the Court cannot answer this charge by simply referencing the very orders being challenged at the appellate level. The Court characterizes the plaintiff recusal motion as the act of a 'disgruntled litigant' while simultaneously referencing The Plaintiff good-faith efforts to accommodate the Court's schedule and reach a discovery compromise. The Court cannot use The Plaintiff [sic] documented history of good-faith cooperation to dismiss The Plaintiff [sic] valid concerns regarding asymmetric enforcement.

(ECF No. 87, PageID.865). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce*, 893 F.3d at 346. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater*, 28 F. App'x at 513. Because this objection is too vague for the

8

court to consider and fails to identify any error in Judge Patti's order, it is **OVERRULED**.

Plaintiff's ninth and tenth objections appear to be another attempt to relitigate the merits of other orders entered by Judge Patti, which is not proper in the context of objections to the denial of the motion to recuse. *Garner,* 2005 WL 8159059, at *2 ("[t]o the extent - which is considerable - that Plaintiffs' Motion [and objections] complain of the Court's procedural and substantive rulings, such complaints can be asserted on appeal, for which a motion to recuse is not a substitute."). Thus, these objections are **OVERRULED**.

In her eleventh objection, Plaintiff contends that Judge Patti misapplied the standard in *Liteky v. United States*, 510 U.S. 540, 555 (1994), asserting that it is untrue that judicial conduct is immune from a bias challenge unless it stems from an extrajudicial source. Plaintiff points to language from *Liteky* suggesting that a judge must recuse where his conduct reveals a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. In this objection, Plaintiff points to no evidence suggestive of a "deep-seated antagonism" toward her. Accordingly, the objection is **OVERRULED**.

Next, in her twelfth and thirteenth objections, Plaintiff argues that Judge Patti erred when he concluded that her motions were untimely because she did not make them with reasonable diligence.  Plaintiff maintains that her motions were timely and she waited until the court's "pattern of antagonism became clear and undeniable."  (ECF No. 87, PageID.867).  Even if the court were to agree with Plaintiff that her motions were timely filed, that does not undermine the merits of the issue before the court.  That is, the court maintains its agreement with the Sixth Circuit Court of Appeals that Judge Patti's rulings do not show any evidence of bias or retaliation.  Accordingly, these objections are **OVERRULED**.

In objection number 14, Plaintiff fails to point the court to any part of Judge Patti's order she finds objectionable and it is too vague to be considered:

> **Filing necessary motions was not an automatic acceptance of the Court's authority:**  A jury demand is a necessary action required by the Federal Rules to preserve The Plaintiff Seventh Amendment rights. It is internally contradictory for the Court to call me the 'master of The Plaintiff complaint' while simultaneously penalizing me for taking the very steps necessary to manage that complaint.  Furthermore, the Court's attempt to delegitimize the Plaintiffs eye witness record and affidavit of "the magistrate lack of bedside manners" that can easily be verified as fact.

10

(ECF No. 87, PageID.867-68).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater*, 28 F. App'x at 513. Because this objection is too vague for the court to consider and fails to identify any error in Judge Patti's order, it is **OVERRULED**.

In objection number 15, Plaintiff contends the filing of her circuit complaint and Judge Patti's Omnibus Order on the same day is not mere coincidence, but is evidence of bias.  As Judge Patti acknowledged in his order, the Omnibus Order and Plaintiff's judicial complaint were filed on the same day.  However, that occurred one week before the judges assigned to this case had notice of Plaintiff's judicial complaint.  (ECF No. 76, PageID.754).  Because Judge Patti was not aware of the judicial complaint when he filed his Omnibus Order, the same date of filing is not evidence of bias or retaliation.  Thus, this objection is **OVERRULED**.

In her sixteenth objection, Plaintiff again appears to be complaining about the substance of Judge Patti's requirement that she seek permission from his chambers before filing with the clerk.  As discussed above, a complaint about the substance of Judge Patti's ruling is a subject for appeal, not a motion to recuse and thus, this objection is **OVERRULED**.  Additionally,

11

although the argument is hard to follow, Plaintiff seems to suggest that Judge

Patti claims that 28 U.S.C. § 144 does not apply to Magistrate Judges.  Though

not entirely clear, the court believes that Plaintiff is referring to Judge Patti's

conclusion that Plaintiff's affidavit is directly solely at the "Presiding District

Judge" and thus, her motion to disqualify Judge Patti does not comply with

§ 144.  (ECF No. 76, PageID.755).  Notably, Plaintiff's affidavit in support her

motion to disqualify Judge Patti includes a document entitled "Affidavit of the

Plaintiff, Janella Smart in support of disqualification of the Presiding District

Judge."  (ECF No. 64, PageID.671).  Regardless, Judge Patti still addressed the

merits of the motion and affidavit.  (ECF No. 76, PageID.755-758).  Thus, the

court finds no error in Judge Patti's observation that the affidavit appeared to

be in support of disqualifying the district judge, not the magistrate judge and

this objection is **OVERRULED**.

In objection number 17, Plaintiff complains about Judge Patti's

observation about the "relatively very few filings by the defense":

> Beyond that, she lodges vague complaints that she is being held
> to technical compliance but feels that the defense is not,
> notwithstanding the sizable numbers of motions and
> unauthorized "notices" which she has proliferated on the docket,
> in comparison to relatively very few filings by the defense.

12

(ECF No. 76, PageID.757). According to Plaintiff, Judge Patti holds her to strict technical compliance but allows the Defendant to sidestep mandatory procedural rules and filing prerequisites. (ECF No. 87, PageID.870). Plaintiff offers, however, no examples of disparate treatment or instances where Judge Patti failed to enforce rules against Defendant. To the extent she is complaining that only she was subject to the pre-filing approval process, the court does not find that the imposition of this process is evidence of bias, given Plaintiff's prolific filings in this case. Accordingly, this objection is **OVERRULED**.

In objection number 18, Plaintiff argues that Judge Patti mischaracterized her motion as a mere subjective disagreement with unsuccessful results. Plaintiff asserts that this is a distortion of the record. However, Plaintiff does not explain how Judge Patti "distorted" the record. Plaintiff contends that an objectively reasonable person would not see a disagreement over rulings, but a "pattern of hostility that has rendered the Court an adversary rather than a neutral arbiter." (ECF No. 87, PageID.871). But Plaintiff's argument is contrary to the conclusions reached by the Sixth Circuit: "The allegedly biased conduct— ... unfavorable discovery rulings, the denial of accommodations, and the use of an omnibus order—would not lead

13

a reasonable, objective person to question the judges' impartiality, and it certainly does not demonstrate a 'deep-seated and unequivocal antagonism that would render fair judgment impossible.'"  (ECF No. 119, p. 3) (citation omitted).  Accordingly, Plaintiff's objection is **OVERRULED**.

IV.    **ORDER IMPOSING PREFILING REQUIREMENT, STRIKING CERTAIN FILINGS AND ADDRESSING VARIOUS FILINGS AND MOTIONS (ECF No. 84) AND OBJECTIONS (ECF No. 93)**

Plaintiff first argues that Judge Patti, contrary to Sixth Circuit authority, failed to provide notice and an opportunity to be heard before imposing the prefiling permission requirement on Plaintiff.  Plaintiff also argues that Judge imposed a "pre-filing injunction" which is a dispositive matter for which he was required to file a report and recommendation.  Plaintiff, however, cites no Sixth Circuit or other case law in support of her argument.  Plaintiff is likely referring to case law governing vexatious litigant orders, which preclude a litigant from filing *new* cases without seeking prefiling permission from the court.  As one court recently explained:

> The inherent authority to enjoin harassing litigation comes from the All Writs Act and is necessary to preserve the resources, integrity, and efficacy of Article III proceedings. *See* 28 U.S.C. § 1651(a). Before imposing a vexatious litigant order, however, the Sixth Circuit requires a district court to: (1) give the plaintiff notice; (2) develop an adequate record for appellate review; (3) make substantive findings regarding the plaintiff's frivolous or harassing conduct; and (4) narrowly tailor any restrictions to

14

closely fit the specific abusive conduct at issue. *See Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019). Narrow tailoring is satisfied if the restrictions still give the vexatious litigant with some access to seek appropriate relief in federal court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Anderson v. Corrigan*, No. 23-4032, 2024 WL 5278791, at *2 (6th Cir. July 1, 2024).

*Foster v. Off. of Chief Inspector, Ohio Dep't of Rehab. & Correction*, No. 4:26-CV-00476, 2026 WL 1694287, at *1 (N.D. Ohio June 11, 2026). Judge Patti did not, however, enter a vexatious litigant order because he did not preclude Plaintiff from filing any new cases in this district. Thus, the foregoing caselaw is inapplicable to the present circumstances.

Rather, Judge Patti acted in accordance with the court's well-established inherent authority. A court possesses the inherent authority to control proceedings before it, and to take all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Such authority is also afforded to magistrate judges. *See e.g.*, *Escamilla v. M2 Tech., Inc.*, No. 4:12CV634, 2015 WL 5837430, at *2 (E.D. Tex. Sept. 30, 2015), aff'd, 657 F. App'x 318 (5th Cir. 2016) (Magistrate Judge's orders restricting filings to only those related summary judgment and striking unrelated filings were within scope of referral authority and were made in accordance with the court's inherent authority to manage its docket in a manner it deems the most

15

efficient).  The court did not find any cases suggesting that the order entered by Judge Patti was required to be done by report and recommendation, nor does Plaintiff offer any legal support in this regard.  Thus, the court **OVERRULES** Plaintiff's objection.

Next, Plaintiff objects to Judge Patti's comparison of the number of motions she filed to that of the defense in determining that she filed an excessive number of motions.  Plaintiff contends that this was a "false equivalency" because Defendant has not "faced the same procedural impasse creating a structural error."  (ECF No. 93, PageID.924).  Under some unidentified Sixth Circuit authority, Plaintiff contends that Judge Patti must have found her filings "frivolous, unreasonable, or without foundation" before "sanctioning" her with a pre-filing requirement.  Yet, Plaintiff provides the court with no authority in support of this argument.  Notably, motions were not the only filings considered by the Magistrate Judge in evaluating whether a prefiling requirement was necessary.  Judge Patti also considered the various "notices" that Plaintiff filed, some of which were stricken.  (ECF Nos. 38, 24, 31).  The court finds no error in the Magistrate Judge's consideration of the comparative number of motions filed by the parties in evaluating whether a prefiling requirement was necessary and appropriate, particularly where

Plaintiff also continued to file notices after being told that notices were generally improper.  (ECF No. 38, PageID.431; *see also* ECF Nos. 44, 49, 55, 78).  For these reasons, the objection is **OVERRULED**.

Plaintiff objects to Judge Patti's characterization of her filings as redundant.  According to Plaintiff, her filings were not redundant or vexatious because she was legally required under Federal Rule of Evidence 103 to make timely and specific objections to a ruling or risk permanent waiver on appeal.  However, Plaintiff does not point to any motion she filed or ruling by Judge Patti that involved the admission or exclusion of any evidence.  Accordingly, Fed. R. Evid. 103 does not appear to govern this dispute and the objection is **OVERRULED**.

Plaintiff objects to the court's characterization of her filings on the motion for jury trial as redundant because she was attempting to correct a docketing error by filing her Notice Regarding Demand for Jury Trial and her Motion for Jury Trial on the same day, December 11, 2025.  (ECF Nos. 48, 49).  Plaintiff says she originally filed her motion for jury trial on December 8, 2025, but it was not docketed.  She claims to have proof of such a filing, but has not provided it.  In the court's view, she had already corrected any docketing error by submitting her motion for a jury trial on December 11, 2025 and thus, her

17

notice regarding an alleged earlier filing was redundant and unnecessary. This objection is, therefore, **OVERRULED**. Plaintiff also asserts, without any supporting authority or further development, that Judge Patti's decision to deny her request for a jury trial was a manifest error of law because he exercised his discretion while simultaneously shielding Defendant from the consequences of its own procedural defaults. The court finds this argument conclusory and unsupported by any legal authority and it is therefore **OVERRULED**.

Judge Patti denied Plaintiff's emergency motion to stay discovery pending a decision on her petition for a writ of mandamus review of the court's Omnibus order. Plaintiff objects to Judge Patti's conclusion that she will not suffer irreparable injury by being forced into discovery without a protective order, saying it is a manifest error of law. She contends it is an abuse of discretion because the public interest is not served by prioritizing docket speed over the due process right to have the case reviewed by a higher court. The Sixth Circuit has now reviewed Plaintiff's mandamus petition and found it lacking. As to discovery, the Court of Appeals rejected Plaintiff's arguments regarding irreparable harm:

> Discovery disputes are generally appealable after entry of final judgment. *Coleman v. Am. Red Cross*, 979 F.2d 1135, 1138 (6th

> Cir. 1992) (per curiam). Smart argues, however, that the court's discovery rulings will expose her personal contact information and private medical records, causing immediate irreparable harm. But as Magistrate Judge Patti explained, Smart put her health at issue by asking for damages for her "anxiety," "emotional trauma", and "health deterioration." And if Smart wants to seal private information, she must follow Eastern District of Michigan Local Rules 5.3 (regarding sealing) and 7.1(a) (regarding conferral with opposing counsel). She has not followed those rules thus far. Smart thus has not shown that she has a "clear and indisputable" right to the writ. *Cheney*, 542 U.S. at 381.

(ECF No. 119, p. 2).  Thus, not only did the Sixth Circuit conclude that Plaintiff was not suffering from irreparable harm by having to respond to discovery, it also found that the scope of discovery was appropriate because Plaintiff put her health at issue.  Accordingly, this objection is **OVERRULED**.

Plaintiff also objects to Judge Patti's conclusion that she must answer written discovery without objection because she failed to answer the discovery within 30 days and therefore waived any objection.  Plaintiff maintains that she objected by filing a motion for protective order to address the objectionable nature of Defendant's requests.  Defendant served its written discovery requests on Plaintiff on October 15, 2026.  (ECF No. 53-2).  On October 27, 2025, Plaintiff served her objections to those requests.  (ECF No. 53-3).  Those objections are as follows:

> Plaintiff also notes that a Notice Regarding Litigation Access and Request for ADA Accommodation was filed on October 24, 2025,

19

and multiple motions are now pending before the Court, including motions to vacate the oral directive, for reconsideration, for a protective order, for clarification of discovery scope, etc.

In light of these pending motions and ongoing ADA oversight, Plaintiff will not be responding to the Defendant's interrogation and production discovery requests. Until the Court rules on these matters or otherwise clarifies discovery parameters, proceeding otherwise would risk violating the Plaintiff's litigation access rights under the ADA and the Court's own pending review.

Additionally, Discovery should not proceed until after the Court determines which claims survive the pending dispositive motions. Proceeding before that determination risks unnecessary expense and confusion, contrary to the Rule 1 objective of securing the just, speedy, and inexpensive determination of every action.

(ECF No. 53-3, PageID.604-05).  Essentially, Plaintiff attempted to unilaterally stay her participation in discovery.  Judge Patti concluded that Plaintiff had no right to do so.  (ECF No. 84, PageID.836-37).  Plaintiff had the opportunity to and did pose her objections to Defendant's written discovery.  Those objections were deemed unavailing by Judge Patti.  His decision that essentially, Plaintiff is not entitled to object further to Defendant's written discovery requests, is reasonable and appropriate.  Accordingly, this objection is **OVERRULED**.

20

Plaintiff objects that Judge Patti improperly relied on a generic public interest in moving the case forward to the merits, which is "legally misplaced."  Plaintiff says the Sixth Circuit has explicitly held that there is a strong public interest in ensuring that discovery remains within the bounds of relevancy and that litigants are not forced to waive appellate review of privacy rights to satisfy a court's calendar.  Plaintiff cites no authority from the Sixth Circuit or otherwise in support of her contentions.  And the Sixth Circuit made clear that that Judge Patti's conclusions regarding the scope of discovery were entirely reasonable.  (ECF No. 119, p. 2) ("But as Magistrate Judge Patti explained, Smart put her health at issue by asking for damages for her 'anxiety,' 'emotional trauma', and 'health deterioration.'").  For these reasons, this objection is **OVERRULED**.

Plaintiff objects to the Magistrate Judge's characterization that she unilaterally attempted to stay discovery.  Rather, she says she was authorized under the Federal Rules to shield herself from annoyance, embarrassment, oppression, and undue burden.  She does not explain how this specific characterization by the Magistrate Judge is reversible error.  Plaintiff also complains that Judge Patti disparately applied the Local Rules and the Federal Rules by accusing Plaintiff of "violating the magistrate discovery rules

with arbitrary 'filing limit' while retroactively excusing the Defendant's blatant failure to comply with mandatory compel requirements under the guise of 'substance over form.' This asymmetrical enforcement of the rules demonstrates a prejudicial bias." (ECF No. 93, PageID.929). Plaintiff fails to point the court to a specific portion of Judge Patti's order to which she objects. Thus, the court is left to guess how the order allegedly shows bias by asymmetrical enforcement of the rules. This objection is **OVERRULED**.

Next, Plaintiff objects to the Magistrate Judge's conclusion that her motion for reconsideration was untimely. The order in dispute was issued on November 5, 2025. (ECF No. 38). Plaintiff's objection was filed on November 6, 2025 and the court ruled on those objections on January 9, 2026. (ECF Nos. 39, 59). Plaintiff's motion for reconsideration was filed on January 13, 2026. (ECF No. 67). Plaintiff argues that Judge Patti improperly relied on the date of November 5, 2025 to determine timeliness when he should have calculated the 14-day period in which to file from the date the district court ruled on her objections to that order. Plaintiff claims Judge Patti's order was not final and was stayed until the objections were ruled on. However, Plaintiff is incorrect. Under Local Rule 72.2, "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect

22

unless and until it is stayed by the magistrate judge or a district judge." ED

Mich. LR 72.2. Accordingly, the order, which was issued on non-dispositive

matters, was in full force and effect because it was not stayed and Plaintiff's

motion for reconsideration was due within 14 days of its entry. ED Mich. LR

7.1(h)(2). This objection is **OVERRULED**.

Plaintiff objects to Judge Patti's use of the pre-filing permission

requirement "as a tool to punish the diligent preservation of the record for

appeal." Again, Plaintiff relies on Fed. R. Evid. 103 in support of her argument.

However, as observed above, Plaintiff does not point to any motion to she

filed or ruling by Judge Patti that involved the admission or exclusion of any

evidence. Accordingly, Fed. R. Evid. 103 does not appear to govern this

dispute and the objection is **OVERRULED**.

Next, Plaintiff objects to the Magistrate Judge's ruling that she was

required to provide 10 years of medical records, asserting that the court has

facilitated a retaliatory discovery process designed to harass Plaintiff into

dropping her claims and forcing a predetermined outcome/sanction which is

an abuse of discretion. As discussed in detail above, the Sixth Circuit has

expressly indicated that Judge Patti properly ordered discovery on Plaintiff's

health history because she placed that history at issue. (*See* ECF No. 119, p.

2) ("But as Magistrate Judge Patti explained, Smart put her health at issue by asking for damages for her 'anxiety,' 'emotional trauma', and 'health deterioration.'").  Accordingly, the court finds no error in this regard and **OVERRULES** the objection.

Plaintiff objects to the Magistrate's use of "recalcitrant" and "vexatious" because a "litigant who files to correct factual inaccuracies in the record or to preserve constitutional privacy issues for appellate review cannot be labeled 'vexatious' as a matter of law but is a jurisdictional error."  (ECF No. 93, PageID.930-31).  Plaintiff points to the case of *Bojicic v. DeWine* in support of her argument, but fails to provide a citation so that the court may examine this authority.  "It is not the court's job to conduct research, marshal evidence, or make a party's arguments for him."  *Rayyan v. Sharpe*, No. 1:08-CV-324, 2008 WL 4601427, at *7 (W.D. Mich. Oct. 15, 2008); *see also Madden v. Jetta Operating Appalachia, LLC*, No. 6:23-CV-29-REW-HAI, 2023 WL 11053250, at *7 (E.D. Ky. Apr. 18, 2023), report and recommendation adopted, No. 6:23-CV-29-REW-HAI, 2024 WL 1255446 (E.D. Ky. Mar. 25, 2024) ("It is not the Court's job to search for authority in support of Plaintiff's claims.").  Because Plaintiff has provided no authority in support of her objection, it is **OVERRULED**.

## V.   ORDER ADDRESSING LETTER REQUESTS AND STRIKING MOTION (ECF No. 99) AND OBJECTIONS (ECF Nos. 103, 104)

Plaintiff filed a one-line letter request that stated "May I please file a Motion to Extend Discovery, especially for appellate preservation?" (ECF No. 90, PageID.884). Judge Patti observed that the letter gave no reason why such an extension was necessary and the only reason given – "appellate preservation"—suggests gamesmanship; that plaintiff was looking for an adverse ruling from which to appeal, not an actual need to extend the discovery deadline. (ECF No. 99, PageID.1004). Judge Patti denied the request for lack of explanation and Plaintiff's history of delaying, blocking and impeding discovery. *Id*. Plaintiff objects to Judge Patti's ruling as an *ad hominem* attack unsupported by the record. She does not explain how it is unsupported by the record, other than to point out that she is subject to inherent delays because she files by mail. Delays due to mail are not the sort of delay to which Judge Patti was referring; instead Judge Patti was referring to Plaintiff's history of delaying and impeding discovery. She also says she has a duty under Federal Rules of Civil Procedure 10(a) and 46 to ensure the record is accurate and that objections are preserved. Rule 10(a) has to do with the form of pleadings and has nothing to do with her request for an extension of discovery. "Rule 46 has nothing to do with briefing in relation to motions.

25

Rather, Rule 46 relates to trial procedure and merely abolishes the necessity for formal exceptions to court rulings or orders." *Retamar-Lopez v. Bd. of Educ. of the Dublin City Schs. Dist.*, No. 2:13-CV-0161, 2013 WL 12130342, at *1 (S.D. Ohio Sept. 23, 2013).  Thus, Rule 46 is inapplicable to the present circumstances.  For these reasons, Plaintiff's objection is **OVERRULED**.

Plaintiff next objects to the Magistrate Judge's conclusion that one of her letter filings exceeded the one-page limit because it was 14 pages.  (ECF No. 99, citing ECF No. 91).  Plaintiff says that her filing did not exceed the one-page limit if the exhibits and cover pages are excluded.  Plaintiff is incorrect. The document found at ECF No. 91, excluding the cover page and the exhibits, is six pages of text.  (ECF No. 91, PageID.888-893).  Accordingly, the Magistrate Judge properly determined that it exceeded his one-page limit for letter requests and struck it.  The objection is **OVERRULED**.

Plaintiff also objects to an alleged procedural trap:  Judge Patti denied her letter requests for "lack of explanation" while simultaneously enforcing a one-page limit that prohibits such explanation.  Plaintiff's one sentence letter request occupied approximately two lines of her one-page limit.  (ECF No. 90). She does not sufficiently explain why she could not use the full page to

provide satisfactory detail in support of her request.  Accordingly, this objection is **OVERRULED**.

Plaintiff objects to Judge Patti's striking of certain filings as violating her right to an accurate appeal.  However, Plaintiff can appeal those rulings and the appellate court will have access to her filings.  Plaintiff again maintains that she did not waive her privacy rights or her objections to the disclosure of her medical records.  Similar objections have been addressed – and rejected – above and need not be considered further.  This objection is **OVERRULED**.

Plaintiff again objects to the Magistrate Judge's characterization of her preservation efforts as gamesmanship.  She says the Circuit Court requires a specific record of willful defiance in order to find "gamesmanship."  However, she cites no authority in support of this position.  She again points to the "mandatory requirements" of Rules 10 and 46 and argues that labeling her compliance with these rules as "tactical" or "gamesmanship" is a misapplication of the law.  Rule 10(a) has to do with the form of pleadings and has nothing to do with preservation of the record.  And again, "Rule 46 has nothing to do with briefing in relation to motions.  Rather, Rule 46 relates to trial procedure and merely abolishes the necessity for formal exceptions to court rulings or orders." *Retamar-Lopez*, 2013 WL 12130342, at *1.  And, in

27

any event, Plaintiff's filing remains part of the record for appellate review. Accordingly, this objection is **OVERRULED**.

Next, Plaintiff asserts that the Magistrate Judge's "sanctions are related to a previously disclosed disability." (ECF No. 103, PageID.1030). And using a disability as a pretext for a "vexatious" narrative while striking the documentation of that disability is a violation of the court's duty to accommodate. *Id*. Plaintiff says that labeling a disabled litigant's compliance with federal rules as "gamesmanship" while striking evidence of her disability is a violation of the court's duty to accommodate. First, as explained by the Sixth Circuit, the ADA does not apply to federal courts. (ECF No. 119, p. 2). Second, Plaintiff does not point to and the court is unable to locate any evidence of her disability that was stricken by this Order. Plaintiff is also arguing again that the one-page limit is a procedural trap. This argument was addressed and rejected above. While not entirely clear, Plaintiff says she requested clear instructions as a reasonable accommodation and the Magistrate Judge responded with vague, contradictory orders and labeled Plaintiff's efforts as "tactical." Plaintiff does not point to any particular part of Judge Patti's order to which she is objecting and the court was unable to locate the word "tactical" in his Order. *Pearce,*

28

893 F.3d at 346 ("For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'").  For the reasons indicated herein, this objection is **OVERRULED**.

Plaintiff also filed a supplemental objection to Judge Patti's Order.  (ECF No. 104).  Plaintiff first points out that Judge Patti's Order suggests uncertainly regarding which motions Plaintiff seeks a ruling on.  She clarifies that she seeks a ruling on the pending motions "regarding the foundational pleadings and amendments, identified during the 3/11 hearing."  (ECF No. 104, PageID.1039).  The March 11, 2026 hearing occurred after the Order at issue here was entered and addressed other motions not at issue here.  Accordingly, this objection appears unrelated to the present Order and is **OVERRULED**.

Plaintiff also takes issue with Judge Patti's conclusion that her request for a ruling on the pleadings is "unnecessary":

> The Court's determination that a request for a ruling is "unnecessary" fails to account for the seven-month delay currently affecting the case. A ruling is necessary at this juncture because this substantial delay directly impacts the proportionality of discovery under the Federal Rules. Without a final determination on the operative pleadings, the parties cannot

accurately ground discovery in the law or determine its proper scope as explained in motion, especially with a pending Writ of Mandamus and other appellate filings.

(ECF No. 104, PageID.1039).  Judge Patti explained in his Order that any motion pending already requests a ruling from the court and it was unclear which pending motion regarding pleadings that Plaintiff wants the court to rule on.  He further pointed out that hearings were set on two such motions the following week.  (ECF No. 99, PageID.1003).  Those motions were subsequently ruled on.  *See* Bench Order dated 3/11/26 and ECF No. 109. Because the motions at issue appear to be resolved, Plaintiff's objection is **MOOT** and is therefore **OVERRULED**.

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff's objections to Magistrate Judge Patti's Orders are **OVERRULED**.

**SO ORDERED**.

Date: July 13, 2026                      s/F. Kay Behm
                                         F. Kay Behm
                                         United States District Judge

30