UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANELLA SMART,<br><br>Plaintiff,<br>v.<br><br>THE PROFESSIONAL GROUP,<br><br>Defendant.<br>______________________ / | Case No. 25-11833<br><br>Hon. F. Kay Behm<br>United States District Judge<br><br>Anthony P. Patti<br>United States Magistrate Judge |

ORDER OVERRULING OBJECTIONS (ECF Nos. 115, 116)

## I. PROCEDURAL HISTORY

Plaintiff, Janelle Smart, is proceeding pro se in this matter against Defendant, The Professional Group (TPG). This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. (ECF No. 9). Judge Patti has addressed a number of pretrial matters (ECF Nos. 111, 109), and Smart has lodged objections to his Orders. (ECF Nos. 116, 115). For the reasons set forth below, the court OVERRULES those objections.

## II. LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge

must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." Id. A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Mabry, 518 F.3d 442, 449 (6th Cir. 2008) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. Bisig v. Time Warner Cable, Inc., 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. PLAINTIFF'S OBJECTION (ECF No. 116) TO COURT ORDER (ECF No. 111)

In ECF No. 102, Plaintiff asked "May I please file a Notice of Errata Regarding Quash, especially for appellate preservation?" (ECF No. 102, PageID.1023). The Magistrate Judge denied this request because it was duplicative of Plaintiff's prior efforts to resist rulings regarding the scope of discovery, because Plaintiff opened herself up to the discovery she now resists by making her damages claims, therefore waiving the general financial and healthcare privacy rights she now claims with respect to the subpoenas she attacks. Judge Patti overruled her objections to the subpoenas, except with regard to her direct deposit and banking information, which he sustained. (ECF No. 111).

Plaintiff objects to this ruling, arguing that Defendant failed to plead any defense related to Plaintiff's medical history or mental health and thus, it waived this defense. As the undersigned, Judge Patti, and the Court of Appeals have explained, "Smart put her health at issue by asking for damages for her 'anxiety', 'emotional trauma', and 'health deterioration.'" (ECF No. 119, p. 2). Defendant's right to discovery on this subject matter does not depend on its having raised Plaintiff's medical history or mental health in its affirmative defenses. Rather, Plaintiff squarely placed her medical history,

including her mental health history, at issue by the type of damages she has requested. Accordingly, this objection is OVERRULED.

Plaintiff next contends that the subpoenas must be quashed in their entirety because the lack of proportionality is inherently harassing and serves no legitimate evidentiary purpose for waived affirmative defenses. This objection appears to be a variation on the same theme that Defendant failed to plead any affirmative defense related to Plaintiff's medical or mental health in its answer and thus, the records sought are irrelevant to the issues framed by the pleadings. This objection is OVERRULED for the same reasons set forth above.

Judge Patti denied ECF No. 101 as moot, in light of the "errata" regarding this motion filed at ECF No. 102. Plaintiff objects to this decision as a "transparent attempt to artificially inflate the number of Plaintiff's 'unsuccessful' motions." (ECF No. 116, PageID.1535). Plaintiff acknowledges that her errata was a correction of ECF No. 101, but she did not withdraw ECF No. 101. Accordingly, Judge Patti was left with no option but to address both ECF No. 101 and ECF No. 102. The court does not find Judge Patti's decision to address both of Plaintiff's filings as "build[ing] a false narrative of

'vexatiousness.'" (ECF No. 116, PageID.1535J). Accordingly, this objection is OVERRULED.

Plaintiff also complains that the Magistrate Judge "scolded" her for "perfunctory filings" yet denied ECF No. 108 because it exceeded the "one-page letter" requirement. As the court noted in ECF No. 122, Plaintiff does not sufficiently explain why she cannot provide satisfactory detail to support her requests in one page. The court notes that here, she included a single sentence to explain her request, instead of using the full page at her disposal (ECF No. 108, PageID.1343), but contrary to the Magistrate Judge's order regarding letter requests, attached a three page "motion" to the one sentence request in violation of Judge Patti's letter request procedure. The court concludes that ECF No. 108 violated Judge Patti's letter request procedure and the objection is OVERRULED.

Plaintiff objects to the Magistrate Judge's directive that she stop making filings for the sole purpose of "appellate preservation" as unnecessary. Plaintiff claims that this is a direction violation of Fed. R. Civ. P. 46, which requires a party to state their objection to a court action to preserve it for appeal. She says that ordering a litigant to stop preserving the record is an attempt to make the Magistrate Judge's errors unreviewable. This court

previously explained that Rule 46 is simply not applicable to these circumstances. (ECF No. 122). As one court explained, "Rule 46 has nothing to do with briefing in relation to motions. Rather, Rule 46 relates to trial procedure and merely abolishes the necessity for formal exceptions to court rulings or orders." Retamar‗Lopez.v¡.Bd¡.of.Educ¡.of.the.Dublin.City.Schs¡.Dist., No. 2:13-CV-0161, 2013 WL 12130342, at *1 (S.D. Ohio Sept. 23, 2013). Thus, Plaintiff's claim that it is necessary or appropriate to file various notices to preserve the record for appeal is without merit and this objection is OVERRULED.

In ECF No. 108, Plaintiff's request reads as follows: "May I please file a Motion to Request an Intent to Stand on the Record with a complimentary conditional protective order especially for appellate preservation?" (ECF No. 108, PageID.1343). Judge Patti denied the request, among other reasons, because it was incomprehensible. Plaintiff objects to this characterization and says that "standing on the record" is a "well-recognized procedural posture intended to facilitate appellate review." (ECF No. 116, PageID.1537). This court too finds Plaintiff's request incomprehensible and unsupported by any authority. Thus, the objection is OVERRULED.

## IV. OBJECTION (ECF No. 115) TO ORDER DENYING CONDITIONAL MOTION TO ADD DEFENDANT (ECF No. 109)

Plaintiff filed a "Conditional Motion to Add Defendant Under Rule 21, or Alternatively, Protective Motion for Leave to Amend Following Ruling." (ECF No. 41). Defendant took no position on the motion. (ECF No. 100, PageID.1010). Plaintiff explained that she was requesting that the court either "(1) grant this motion on a conditional basis, to take effect upon resolution of the pending pleadings, motions, and objection ruling, or (2) hold ruling on this motion in abeyance until such resolution, after which Plaintiff seeks leave to amend the complaint to add the proposed defendants and further refine the complaint." (ECF No. 41, PageID.455). In his Opinion and Order denying Plaintiff's motion, Judge Patti explained that the court, as indicated in an earlier order, "does not give advice or advisory opinions" and "does not rule prospectively or hypothetically." (ECF No. 109, PageID.1350, quoting ECF No. 38, PageID.436).

Plaintiff's objections to Judge Patti's order denying this motion do not engage with his conclusion that she improperly sought an advisory opinion. But this fundamental flaw precludes the court from granting Plaintiff any relief on this motion. "Conditional" and "protective" motions are disfavored by the Sixth Circuit and are not a procedure recognized by the Federal Rule of Civil

Procedure. Williams.v¡.Mastronardi.Produce⁈Ltd¡, No. 23-13302, 2024 WL 4729466, at *4 (E.D. Mich. Nov. 8, 2024). In Begala.v¡.PNC.Bank⁈Ohio⁈N¡A¡, 214 F.3d 776 (6th Cir. 2000), the court of appeals affirmed the district court's denial of a similar motion, holding that the "[p]laintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." Id¡ at 784. Similarly here, Plaintiff sought an improper advisory opinion and her motion was properly denied for this reason alone.

Additionally, Judge Patti found that the new parties sought to be added – Walgreens Pharmacy and Express Scripts – were too disconnected from her former employer and the core facts of the case, which include alleged employment discrimination, record-keeping, retaliation, and disparagement. (ECF No. 109, PageID.1351). Judge Patti also points out, importantly, that Plaintiff does not plead any claim against Walgreens and Express Scripts in the proposed amended complaint. (ECF No. 109, PageID.1355). Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, because the proposed amended complaint does not actually assert any claims against Walgreens and Express Scripts, it does not satisfy Rule 20(a)(2)'s requirements. Under these circumstances, Judge Patti properly denied leave to amend.

Plaintiff objects to Judge Patti's application of Neitzke.v¡.Williams, 490 U.S. 319 (1989), asserting that her factual allegations are not "baseless on their face." Plaintiff essentially takes issue with the Magistrate Judge's characterization of some of her factual allegations as "fantastic and delusional." Plaintiff also contends that the application of Neitzke violates the law of the case doctrine and contends that the court cannot use the "delusional" label to deny a Rule 15(a) amendment for "docket management." Regardless of whether the Magistrate Judge properly applied Neitzke's principles, there are other grounds on which the motion was correctly denied, including that it was conditionally seeking an advisory opinion and that it asserted no claims against the proposed additional defendants. Plaintiff offers no authority to support her claim that applying Neitzke violates the law of the case doctrine and nothing in Judge Patti's opinion and order suggests

the decision was made based merely on "docket management." Accordingly, these objections are OVERRULED.

Plaintiff's next objection is rather confusing. As near as the court can tell, Plaintiff is asserting that Defendant did not assert a "medical defense" in their answer and has waived it. The Plaintiff further explains:

> When you add the fact that the Defendant never pleaded / waive / withdrew these defenses in their Answer, and the fact the judge avoided addressing it (ECF 111 ). In effect the judge is actively protecting the Defendant regard as civil rights claim and to "re-write" the Defendant's Answer on their behalf while adopting the Defendant's strike motion (ECF# 7) whole after they just withdrew that claim (3/11 /26 text-only) Regardless of the Court's personal opinion on the Plaintiff's allegations, the Law is settled: Under Fed. R. Civ. P. 8(c), a defendant who fails to plead an affirmative defense in their Answer waives it.

(ECF No. 115, PageID.1512). It appears that Plaintiff is again arguing that Defendant was required to raise her medical and mental health in its affirmative defenses. The court has already rejected that objection for the reasons set forth above. Thus, the objection is OVERRULED.

Plaintiff next objects that Judge Patti's order constitutes an improper sua sponte dismissal of claims under the guise of a denial. Plaintiff seems to suggest that the Magistrate Judge does not have authority to issue an order on

a motion for leave to amend the complaint. However, an order on a motion for leave to amend the complaint is considered non-dispositive and may be issued by a Magistrate Judge via order, not report and recommendation. See. e¡g., Gentry.v¡.The.Tennessee.Board.of.Judicial.Conduct, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); Chinn.v¡.Jenkins, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); Young.v¡.Jackson, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); Hira.v¡.New.York.Life. Insurance.Co., at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); Armengau.v¡.Warden?. London.Corr¡.Inst¡, No. 2:19-CV-1146, 2021 WL 1975321, at *2 (S.D. Ohio May 18, 2021) ("A majority of the courts to consider the issue have concluded that a magistrate judge's order on a motion to amend involves a nondispositive matter, subject to review for clear error."). Thus, Judge Patti had authority to issue the order and the objection is OVERRULED.

Next, Plaintiff contends that Judge Patti improperly applied a "hyper-technical" Rule 12(b)(6) standard to Plaintiff's proposed amendment, while granting Defendant an exemption from the waiver provisions of Rule 12(h). That is, Plaintiff seems to be arguing that the court cannot apply a futility standard based on a lack of causation when Defendant waived all affirmative medical defenses. First, Plaintiff misunderstands the futility analysis, which applies to proposed amended complaints and requires a reviewing judge to assess whether the proposed amended complaint would survive a Rule 12(b)(6) motion to dismiss. Defendant need not have previously moved to dismiss the original complaint for failure to state claim in order for the court to appropriately apply the futility standard. Second, again, Defendant was not required to assert an affirmative defense based on Plaintiff's medical condition or history. This objection is OVERRULED.

Plaintiff also contends that by not dismissing her claim sua sponte early on, Judge Patti "legally signaled" that the "architecture" of her claim met the plausibility standard. Thus, Plaintiff says, a court that identifies a "delusional" claim must act promptly. Instead, Plaintiff argues that Judge Patti allowed the case to proceed into the discovery phase and thus made an implicit ruling of plausibility. However, nothing about letting Plaintiff's initial complaint

proceed to discovery somehow limits the futility analysis that applies to a proposed amended complaint and Plaintiff cites no authority to support her theory. Thus, the objection is OVERRULED.

Plaintiff objects to Judge Patti's finding that she failed to plead "protected activity" or a "race-based wrongful termination" claim. However, the court is unable to locate these findings in the Magistrate Judge's opinion and order. Thus, this objection is OVERRULED.

Plaintiff objects to Judge Patti's findings of no claim where paragraph 12 through 18 of the proposed amended complaint provide the specific dates, actors and "mechanism of the data-synchronization used to effectuate the retaliation." (ECF No. 115, PageID.1518). Plaintiff does not point to the specific part of the Opinion and Order to which she objects, but presumably, she refers to Judge Patti's findings that she asserts no claims against the proposed new defendants. As the court concluded above, because the proposed amended complaint does not actually assert any claims against Walgreens and Express Scripts, it does not satisfy Rule 20(a)(2)'s requirements or the requirements of Rule 15(a)(2) and was properly rejected. The objection is OVERRULED.

Next, Plaintiff again argues that "Defendant's express waiver of medical affirmative defenses in ECF 7 renders a 10 year medical look back" irrelevant and disproportionate. The court has rejected this argument several times and does so again here for the same reasons. Plaintiff also asserts that Judge Patti improperly testified from the bench when he cited the DSM-5. Judge Patti referred to the DSM-5 in support of his analysis that despite labeling her damages as "garden variety emotional distress" in the proposed amended complaint, he was permitted to look beyond the label. (ECF No. 109, PageID.1357). This is well supported in the law. Kubik.v¡.Central.Mich¡.Univ¡. Bd¡.of.Trustees, No. 15-cv-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016). He then observed that an anxiety diagnosis, citing the DSM-5, is "hardly 'garden variety.'" (ECF No. 109, PageID.1358). Plaintiff offers no authority in support of her argument that Judge Patti's reliance on the DSM-5 is improper "testimony from the bench"[1] and the court finds nothing inappropriate about this reference. The objection is OVERRULED.

Plaintiff next objects to the Magistrate Judge's conclusion that her proposed amended complaint failed to establish the prima facie element of

[1] Plaintiff refers to "United States v. Frazier" but offers no supporting citation for the court to review. (ECF 115, PageID.1518). The court was unable to locate the case with the information given.

causation. (ECF 109, PageID.1353). Plaintiff points out that a plaintiff is not required to plead a prima facie case under McDonnell Douglas in the complaint. Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (citing Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002) (The prima facie case under McDonnell Douglas is an evidentiary standard, not a pleading requirement.)). The Iqbal–Twombly standard still applies and there must be sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference." Keys, 684 F.3d at 610 (quoting Iqbal, 556 U.S. at 678, 679). Even if there is sufficient factual material in the proposed amended complaint to support plausible causation as to the proposed new Defendants, that does not save the proposed amended complaint because there are no actual causes of action asserted against them. As explained above, the causes of action listed in the complaint are made against only one Defendant and that plainly appears to be Plaintiff's former employer, TPG. (ECF No. 41, PageID.464-473). There are simply no causes of action asserted against Walgreen's or Express Scripts. Accordingly, this objection is OVERRULED.

In the next objection, Plaintiff asserts that "[i]f an amendment just adds detail or related parties to a claim that has been litigated for a whole year, the

judge shouldn't use 'futility' to kill the whole case when there are alternative remedies to fix [it]." (ECF 115, PageID.1521). This appears to be another variation on the theme that Judge Patti should not have applied the principle of futility when addressing the merits of Plaintiff's motion. As explained above, Judge Patti properly applied the principle of futility and the fact that Plaintiff's original complaint had been pending for some time does not alter his obligation to do so. Brumbalough.v¡.Camelot.Care.Ctrs¡?Inc¡, 427 F.3d 996, 1001 (6th Cir. 2005) ("In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."). This objection is OVERRULED.

In Plaintiff's next objection, she says because Defendant did not file an opposition to her motion, she was never afforded notice or an opportunity to respond to the court's findings regarding futility and delusion. She says this violates the mandatory procedural safeguards established in Tingler.v¡. Marshall, 716 F.2d 1109 (6th Cir. 1983). There, the court held that:

> a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2)

> notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

Id. at 1112. Tingler is distinguishable for a number of reasons. First, Judge Patti was not faced with a complaint he believed was subject to dismissal. Rather, he was faced with a conditional motion for leave to amend the complaint. Plaintiff does not cite any authority for the proposition that Tingler even applies in these circumstances. Doe.v¡.Oberlin.Coll., 60 F.4th 345, 351–52 (6th Cir. 2023) ("The holding in Tingler is narrow, focused exclusively on sua sponte dismissals on the merits.") (citing Morrison.v¡.Tomano, 755 F.2d 515, 516 (6th Cir. 1985)). Second, if it does apply, Plaintiff was also given notice via Judge Patti's written opinion and order and the chance to respond to the reasons stated for denying the conditional motion for leave to amend by filing the objections that she has filed here. Thus, the primary purpose of Tingler – notice and allowing the parties to respond – has been met. See.Doe.v¡.Oberlin. Coll¡, 60 F.4th at 352 ("The underlying goal is to provide both parties 'notice and an effective opportunity to respond.'") (quoting Catz.v¡.Chalker, 142 F.3d 279, 286 (6th Cir. 1998), overruled on other grounds by Coles.v¡.Granville, 448

F.3d 853, 859 n.1 (6th Cir. 2006)). The court does not find anything in Tingler to be a basis for rejecting Judge Patti's decision to deny Plaintiff's conditional motion for leave to amend. Notably, Judge Patti's decision followed the rule that "the Court must make an independent determination as to whether the amendment would be in the interests of justice (including whether it would be futile) regardless of what specific arguments the defendant makes." Harris.v¡. Borta, No. 1:25-CV-227, 2026 WL 83918, at *4 (W.D. Mich. Jan. 12, 2026). For these reasons, this objection is OVERRULED.

V. CONCLUSION

For the reasons set forth above, Plaintiff's objections to Magistrate Judge Patti's Orders are OVERRULED.

SO ORDERED.

Date: August 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge