UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

Plaintiff,

v.

THE PROFESSIONAL GROUP,

Defendant.

_____________________________ /

Case No. 25-11833

Hon. F. Kay Behm
United States District Judge

Anthony P. Patti
United States Magistrate Judge

OPINION AND ORDER ADOPTING AND MODIFYING
IN PART THE MAGISTRATE JUDGE'S APRIL 14, 2026
REPORT AND RECOMMENDATION (ECF No. 110)

## I. PROCEDURAL HISTORY

Plaintiff, Janelle Smart, is proceeding pro se in this matter against Defendant, The Professional Group (TPG). This case is referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. (ECF No. 9). Judge Patti issued a report and recommendation (R&R) on April 14, 2026 in which he recommended that the court should grant Defendant's motion to compel Plaintiff's deposition (ECF No. 82), grant Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2) (ECF No. 97), and deny Defendant's request for attorney fees without prejudice. Plaintiff timely filed objections to the R&R. (ECF No. 114). For the reasons set forth below, the court

OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the report and recommendation regarding the motion to dismiss, and GRANTS the motion to dismiss. The court MODIFIES the report and recommendation in that the motion to compel deposition is rendered MOOT by the court's adoption of the recommendation to dismiss the complaint.

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" Pearce v. Chrysler Grp. LLC Pension Plan, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete

failure to object. Fields v. Lapeer 71–A Dist. Ct. Clerk, 2 F. App'x 481, 482-83 (6th Cir. 2001); see also Seals v. Seals, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." Miller, 50 F.3d at 380 (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)); see also Thomas v. Arn, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. See Pearce, 893 F.3d at 346. Further, the court "need not root through the record to find facts that would support Plaintiffs' positions." Munoz v. Rare Hosp. Int'l Inc.,

2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citing U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (noting that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position); see also United States v. Sullivan, 2019 WL 1354039, at *3 (E.D. Ky. Mar. 26, 2019) ("It is not the job of the Court to hunt for the evidence which may or may not support a petitioner's motion." Rather, it is the job of the objecting party to "clearly and concisely identify specific factual and legal problems with a magistrate judge's R&R."); J.A. v. Smith Cnty. Sch. Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Objections buried within a party's filing need not be considered by the court.). Finally, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." Ramirez v. United States, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); see also Funderburg v. Comm'r of Soc. Sec., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

III. ANALYSIS

The court assumes familiarity with the report and recommendation.

Objection No. 1

Plaintiff first objects to the relief recommended by Judge Patti's R&R, that the court should grant the motion to compel Plaintiff's deposition and that it should grant Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 37(b)(2). She writes:

> The recommendation for "death penalty" sanctions seeks to obscure over 30 documented legal errors and avoid the merits of a valid case. It constitutes an abuse of discretion by ignoring Plaintiff's good-faith privacy assertions and ADA accommodation requests while violating the Party Presentation Principle to resurrect medical defenses the Defendant explicitly waived in ECF 7. The Court further errs by sanctioning the Plaintiff despite the Defendant's "unclean hands," including the spoliation of evidence via retroactive termination records and systemic "litigation by ambush." Ultimately, the Defendant's obsession with irrelevant medical records provides the very motive and pretext necessary to provide Plaintiff's retaliation claims.

(ECF No. 114, PageID.1421). Plaintiff's objection is improper for several reasons. First, it merely disputes the general correctness of the R&R, which is an improper objection. Miller, 50 F.3d at 380. Second, the objection based on "30 documented legal errors" is not sufficiently clear so that the court can "discern those issues that are dispositive and contentious." Id.

Additionally, as the undersigned, Judge Patti, and the Court of Appeals have explained previously, "Smart put her health at issue by asking for damages for her 'anxiety', 'emotional trauma', and 'health deterioration.'" (ECF 119, p. 2). Defendant's right to discovery on this subject matter does not depend on its having raised Plaintiff's medical history or mental health in its affirmative defenses. Rather, Plaintiff squarely placed her medical history, including her mental health history, at issue by the type of damages she has requested. Thus, the R&R does not violate the "Party Presentation Principle"[1] by "resurrecting" purportedly waived medical affirmative defenses. Finally, as to Plaintiff's arguments regarding Defendant's alleged "spoliation" of evidence, that argument does not appear to have been raised by Plaintiff in her opposition to the motion to dismiss and thus, it is waived. Morgan v. Trierweiler, 67 F.4th 362, 367 (6th Cir. 2023) (explaining that issues raised for the first time in objections to a magistrate judge's proposed order are "deemed waived"). For these reasons, Objection No. 1 is OVERRULED.

[1] As explained in In Re Chrysler Pacifica Fire Recall Prods. Liab. Litig., 143 F.4th 718, 725 (6th Cir. 2025), in our adversarial system, the courts follow the principle of party presentation, which means that they "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." Id. (quoting Greenlaw v. United States, 554 U.S. 237, 243 (2008)).

The remainder of Plaintiff's objections are problematic for different reasons. They each improperly require the court to "fetch" from the record, the factual and legal bases for each objection. For example, in Objection No. 3, Plaintiff objects to the Magistrate Judge's R&R from page 3, line 25[2] to page 4, line 3 and specifically refers to the statement, as edited by Plaintiff, that "Importantly, Courts are not bound ... may look beyond ... characterization of their damages." (ECF No. 114, PageID.1427). In support of this objection, Plaintiff writes that "[t]his finding constitutes an abuse of discretion by ignoring the plaintiff's own characterization of damages to benefit the defendant's narrative." Id. Apparently, the legal and factual support for this objection can be found in ECF No. 89 and ECF No. 104, from which Plaintiff "incorporates the full legal arguments" to demonstrate how the court's "look beyond" approach violates the Party Presentation Principle. Id.

The court finds this objection wholly improper for several reasons. First, an objection must be clear and specific enough that the court can squarely address it on the merits. See Pearce, 893 F.3d at 346. Without resort to reviewing two wholly separate filings, the court cannot discern the legal or factual basis for Plaintiff's objection, rendering it insufficiently clear

[2] Notably, there is no "line 25" on page 3 of the R&R.

and specific. Importantly, the court "need not root through the record to find facts that would support Plaintiffs' positions." Munoz v. Rare Hosp. Int'l Inc., 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citing U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (noting that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position); see also United States v. Sullivan, 2019 WL 1354039, at *3 (E.D. Ky. Mar. 26, 2019) ("It is not the job of the Court to hunt for the evidence which may or may not support a petitioner's motion." Rather, it is the job of the objecting party to "clearly and concisely identify specific factual and legal problems with a magistrate judge's R&R."); J.A. v. Smith Cnty. Sch. Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Objections buried within a party's filing need not be considered by the court.). Thus, the court is not obligated to root through the record to piece together Plaintiff's arguments in support of each objection. Moreover, Plaintiff's tactic of repeatedly incorporating other documents by reference from the record to support her objections is an improper attempt to exceed the page limitation of 25 pages for objections, by dozens, if not hundreds, of pages. Simmons v. Cnty. of Wayne, No. CV 22-11953, 2023 WL 6807001, at *2 (E.D. Mich. Oct. 16, 2023) ("Pursuant to Local Rule 7.1, the objector's brief

may not exceed 25 pages.") (citing E.D. Mich. LR 7.1(d)(3)). This objection is, accordingly, OVERRULED.

By way of another example, Objection No. 2 objects to the Magistrate Judge's R&R on page 3, lines 15-24[3] and specifically to the statement, as edited by Plaintiff, that "...while Plaintiff ... pleading garden variety ... she actually pleads damages ... emotional trauma ..." Plaintiff objects that this finding is "structural error" and a "mischaracterization of the record because it omits the manufactured procedural impasses documented in Exhibit A and ECF 93." (ECF No. 114, PageID.1427). Plaintiff not only incorporates ECF No. 93, but she also incorporates Plaintiff's Exhibit A, which appears to be an attempt to lodge dozens of additional objections to various other orders on the docket, in support of her Objection No. 2. This is improper because Plaintiff cannot now revive or make additional objections to orders previously entered, whether such objections were already made and resolved or whether Plaintiff failed to assert objections and they are thereby waived. This objection must be OVERRULED for these reasons along with all the same reasons cited above with respect to Objection No. 3. And as to Plaintiff's Objections No. 4 through 80, they all suffer from the same defects as

[3] There are not 24 lines of text on page 3 of the R&R.

Objections 2 and 3 and thus, they are OVERRULED for the same reasons set forth above with respect to Objections 2 and 3.

Finally, the court has reviewed the R&R and agrees with its analysis and conclusions. Judge Patti's decision recommending that the court impose case-terminating sanctions on Plaintiff is thorough, well-reasoned, supported by the record, and grounded in controlling case law.

## IV. CONCLUSION

For the reasons set forth above, the court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the report and recommendation regarding the motion to dismiss, and GRANTS the motion to dismiss. The court MODIFIES the report and recommendation in that the motion to compel deposition is rendered MOOT by the court's adoption of the recommendation to dismiss the complaint.

SO ORDERED.

Date: August 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge